**In re Warren MILLER and Joann Miller, Debtors.**

**Bankruptcy No. 90–20025M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

April 23, 1992.

A.L. Tenney, N. Little Rock, Ark., Chapter 12 Trustee.

William C. Adair, Little Rock, Ark., for the FmHA.

Stephen Bennett, Sherwood, Ark., for debtor.

Robert L. Hankins, Little Rock, Ark.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On March 12, 1990, Warren Miller and Joann Miller (debtors) filed a voluntary petition for relief under the provisions of chapter 12 of the United States Bankruptcy Code. The debtors scheduled the claim of Farmers Home Administration (FmHA) for $620,000.00 and listed FmHA's address as 3101 Park Center Drive, Alexandria, Virginia 22302. An order of relief was entered and, pursuant to the usual practice of the Bankruptcy Clerk's office, the United States Attorney for the Eastern District of Arkansas was added to the mailing matrix. All creditors listed on the mailing matrix, including the United States Attorney, received all notices filed in the case.

The 341(a) meeting was conducted on May 8, 1990, and, according to the minutes of the meeting, was attended by a representative of FmHA's local office. On June 12, 1990, the debtors filed a proposed plan, which established a value for the property secured by FmHA's claim of $620,000.00 at $8,000.00. The plan proposed to pay FmHA $8,000.00 on its claim at the rate of $107.95 per month including interest accruing at the rate of 10.5% per month. Most of the balance of FmHA's claim was to be discharged under the plan. The debtors certified that a copy of this plan was mailed to the United States Attorney for the Eastern District of Arkansas at Post Office Box 1229, Little Rock, Arkansas 72203 and to Farmers Home Administration at 3101 Park Center Drive, Alexandria, Virginia 22302. The notice which accompanied the plan indicated that a confirmation hearing would be held in Helena, Arkansas, on August 7, 1990, at 10:00 a.m. and that objections to confirmation should be filed on or before July 13, 1990. On July 2, 1990, the debtors filed a modified plan and sent a notice to creditors that a hearing on the modified plan would also be held in Helena, Arkansas, on August 7, 1990.

FmHA did not file an objection to confirmation and did not appear at the confirmation hearing. An objection to confirmation filed by the standing chapter 12 trustee was sustained. The debtors were granted

twenty days to file a modified plan; however, the debtors had previously filed the modified plan on July 2, 1990. No objection to the modified plan was filed as of the confirmation hearing date.

On September 13, 1990, an order was entered confirming the chapter 12 plan as modified. On September 18, 1990, FmHA filed a motion to set aside the order confirming the chapter 12 plan and motion to allow FmHA to object to confirmation. On October 31, 1990, after notice and a hearing, the order confirming the plan was set aside. The debtors appealed to district court. The district court remanded the case to this court to conduct an evidentiary hearing to determine whether FmHA received sufficient notice of the plan in time to make a timely objection to confirmation.

On remand, a hearing was held and the matter taken under advisement. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

## DISCUSSION

The debtors argue that by serving a copy of the notice of confirmation hearing on the United States Attorney in Little Rock and FmHA at its Alexandria, Virginia, office, there was sufficient compliance with the Federal Rules of Bankruptcy Procedure to make service effective on FmHA, and, therefore, the order of confirmation should be given *res judicata* effect.

FmHA argues that its Little Rock office is the proper office for service on FmHA, and, since no notice was sent to the local FmHA office, the United States Attorney did not receive essential information necessary for it to file appropriate and timely pleadings. Although the debtors sent notice to the United States Attorney's office, a witness for FmHA testified that the United States Attorney's office for the Eastern District of Arkansas receives thirty to sixty pieces of mail a day regarding bankruptcy matters, but that a file is not created until a particular matter is referred to the United States Attorney's office by the appropriate agency. As a result of the debtors'

notice not being mailed to the correct FmHA office, FmHA was deprived of sufficient notice and was unable to refer the matter to the United States Attorney's office. FmHA argues that the order of confirmation should be set aside because due process was violated by this lack of notice.

Under the Federal Rules of Bankruptcy Procedure, a final order becomes final ten days after its entry. *See* Federal Rules of Bankruptcy Procedure 8001(a) and 9021. If a motion for relief from judgment or order is filed pursuant to Rule 9024 or motion to amend or alter judgment or for a new trial under Rule 9023, the judgment does not become final until ten days after entry of the order ruling on the motion. Federal Rule of Bankruptcy Procedure 8002(b).

An order confirming a plan that is final and from which no appeal is taken, or no motion under Rules 7052(b), 9023 or 9025 is filed, is entitled to be given *res judicata* effect as to all issues pertaining to the plan that were raised or could have been raised at confirmation. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir.1987); *Miller v. Meinhard–Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972). Generally, the principles of *res judicata* would attach to the order confirming the plan so long as the order is not subject to collateral attack, even if the order is erroneous. *See Underwriter Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982); *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938); *Sanders v. GIAC Leasing Corp. (In re Sanders)*, 81 B.R. 496, 499 (Bankr.W.D.Ark.1987). However, an order confirming a plan is subject to collateral attack for lack of due process guaranteed under the Fifth Amendment to the United States Constitution where a creditor does not receive reasonable notice of an opportunity to appear and be heard. *Langenkamp v. Hackler (Republic Trust & Savings Co.)*, 897 F.2d 1041 (10th Cir.1990); *Fireman Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318 (Bankr. 9th Cir.

**502**

1991); 3 James Wm. Moore, et al, *Moore's Manual: Federal Practice and Procedure*, § 30.04[6] (1990); 49 C.J.S. *Judgments* § 422 (1947). *See also Reliable Electric Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir.1984) *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

■ The district court remanded this case to determine whether the notice given to FmHA was so deficient that it violated principles of due process thereby rendering the order confirming the plan subject to collateral attack. However, it appears that the parties and this Court in its previous order overlooked the fact that the order confirming the plan was entered on September 13, 1990, and the motion to set aside the order was filed on September 18, 1990.[1] Since the time for filing a motion for new trial under Rule 9023 had not expired, the Court will treat the motion as a motion for new trial and not as a collateral attack on a final and unappealed order.

Federal Rule of Bankruptcy Procedure 2002(g) provides that:

> All notices required to be mailed under this rule to a creditor ... shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later. If a different address is stated in a proof of claim duly filed, that address shall be used[.]

In this case, FmHA filed a proof of claim on June 22, 1990, and requested that notice be sent to FmHA at the address shown on the proof of claim, which was Robert L. Hankins, State Director, Post Office Box 2778, Little Rock, Arkansas 72203. Pursuant to Rule 2002(g), all notices issued after June 22, 1990, should have been served on Mr. Hankins at his Little Rock address. The notice of opportunity to object to the amended plan was served on FmHA at the

Alexandria, Virginia, office in violation of Rule 2002(g).[2]

■ The evidence presented at the hearing clearly established that the debtors' failure to serve the notice on FmHA at the Little Rock address was the principal reason FmHA's objection was not timely filed. Since notice to FmHA of the confirmation hearing was not sent in the manner required by the Federal Rules of Bankruptcy Procedure, a new trial is appropriate so that FmHA's objection may be considered on the merits.

Therefore, the motion filed by the United States is deemed to be a motion for new trial pursuant to Rule 9024 and is granted. The debtors are granted twenty days to file a modified plan and send notice to creditors in the manner required by the applicable Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.

---

1. The district court found that the motion to set aside the order was filed on September 27, 1990. This finding appears to be incorrect.

2. The Alexandria, Virginia, address used by the debtors is the address of FmHA's National Appeals Staff, which would only have a file on the debtors for a particular matter submitted to it for administrative review.