**In re Jerry Keith McELHANEY and Judith Florence McElhaney.**

**Jerry Keith McELHANEY and Judith Florence McElhaney, Plaintiffs,**

**v.**

**STUDENT LOAN SERVICES, Defendant.**

**Bankruptcy No. 91–30703 S**
**Adv. No. 91–3042.**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

June 1, 1992.

Dick Jarboe, Walnut Ridge, Ark., for plaintiffs.

Defendant has no representation.

**ORDER DENYING MOTION TO SET ASIDE ORDER**

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiffs' Motion to Set Aside Order.

---

This adversary proceeding was commenced on December 23, 1991, by the filing of the complaint. The summons was issued on January 10, 1992, and delivered to the plaintiffs for service of the summons and complaint upon the defendant. No filings were made until May 11, 1992, when the Court, upon a *sua sponte* review of the file, entered an order dismissing the complaint for failure to effect service of process as required by Rule 4(j), Federal Rules of Civil Procedure.[1] The plaintiffs have moved to set aside the order of dismissal, asserting that service of process was made in January 1992, within 120 days.

This case was dismissed pursuant to Rule 4(j) which provides as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiate with notice to such party or upon motion. * * *

The Court file indicates that return of service was not filed in a timely manner. Indeed, despite filing the instant motion to set aside the order, plaintiffs have not yet filed the appropriate document reflecting return of service. The rule mandates that service shall be effected within the 120–day period and requires a court to dismiss the action if no service is made. Fed.R.Civ. Proc. 4(j) ("the action *shall* be dismissed") (emphasis added). In order to avoid dismissal, the plaintiffs must establish good cause for the failure to serve the defendant. *See generally United States Escrow v. Bloomingdale (In re Bloomingdale)*, 137 B.R. 351, 355 (Bankr.C.D.Cal.1991).

The plaintiffs assert, as the sole ground for setting aside the order, that service has in fact been made. Inasmuch as the rule requires dismissal upon the failure to serve, rather than upon failure to file a certificate of service, this argument, upon proper service, would have merit.[2]

The Federal Rules of Bankruptcy Procedure state with some specificity the method by which and upon whom service must be effected in order to provide notice of suit. In light of the comparatively abbreviated procedure in bankruptcy, it is of great importance that persons effecting service provide correct notice in accord with the rules.

Rule 7004(b)(3) permits service by first class mail upon a state agency as follows:

> [B]y mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

The argument regarding service propounded by plaintiffs' states that service was made upon "Latrell L. Dixon, Student Loan Services,[3] P.O. Box 2959, Jacksonville, Fla. 32232." It is clear from the plaintiff's motion that the Arkansas Stu-

---

1. Rule 4(j) is made applicable to the proceeding by Rule 7004(a), Federal Rules of Bankruptcy Procedure.

2. Of course, actual service, does not excuse an attorney from violation of Rule 4(g). Rule 4(g) requires that,

   > The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process.

   Counsel is apparently aware of this provision inasmuch as he has cited it to the Court in his brief. Pursuant to this rule, by plaintiffs' assertion of correct service, the certificate of service was required to have been filed no later than February 10, 1992 (February 9, 1992, fell upon a Sunday).

3. The plaintiff has also failed to sue the proper party. In this proceeding, the lender, the Arkansas Student Loan Authority, Ark.Code § 6–81–102, is the proper party to this action. There is no authority for suing or serving an entity authorized to collect and service student loans, Ark.Code 6–81–129, with a complaint to determine dischargeability, as was done by the plaintiff. This, too, would be grounds for dismissal if no corrective action were taken.

dent Loan Authority was not served. The failure to effect proper service deprives the Court of personal jurisdiction over the defendant, *In re Harlow Properties*, 56 B.R. 794 (9th Cir. BAP 1985), and renders any the judgment subject to collateral attack.

The Federal Rules of Civil Procedure service generally require personal service upon defendants. *See* Fed.R.Civ.Proc. 4. Service may be effected by United States Mail only with the acknowledgment of the defendant. If the defendant fails to acknowledge receipt of the summons and complaint, personal service must be effected. *See generally* Fed.R.Civ.Proc. 4(c)(2)(C)(ii), (d)(1), (d)(3).

The procedure set forth in Rule 7004, Federal Rules of Bankruptcy Procedure, governing service of process in adversary proceedings,[4] however, significantly abbreviates the procedures for service by permitting service of a summons and complaint by first class mail. Unlike the Federal Rules of Civil Procedure, no acknowledgement of receipt of service is required under the Federal Rules of Bankruptcy Procedure.

The particular notice problems associated with bankruptcy proceedings—comparatively short time limits and large numbers of persons to be noticed of various proceedings—require a simple and expeditious method for serving notice. The use of service by mail alone in bankruptcy cases is thus necessary in light of the management problems associated with bankruptcy cases. Service by mail is "a form of notice which is likely to achieve actual notice in a large volume of cases but [which] is not overly expensive or time consuming." *Creditors Committee of Park Nursing Center, Inc. v. Samuels (In re Park Nursing Center, Inc.)*, 766 F.2d 261, 263 (6th Cir.1985). The use of the abbreviated procedure, however, requires a higher standard of care when serving party defendants. The federal rules expressly state in what manner service upon govern-

mental agencies and other entities are to be served. The management problems that require service of process by mail create a greater need for adherence to the rules regarding service.

In the instant case, while the plaintiffs attempted to serve defendant, the proper party has not in fact been served within the 120–day period required by rule 4(j).[5] The lender/creditor of the debtor, of an Arkansas student loan is the Arkansas Student Loan Authority. *See* Ark.Code 6–80–101, *et seq.* Serving the servicing agency, located in another state, should have signaled to counsel that the address should be researched. *See Sears, Roebuck & Co. v. Reeves (In re Reeves)*, 127 B.R. 866, 868 (Bankr.S.D.Cal.1991) ("The [defendant's] inaction should have alerted Sears to inquire as to whether proper service was effected or at least should have triggered a review of the file."). Upon a review of the file, it is apparent that the plaintiffs have not in fact served the creditor with notice of this suit as required by the rules. *See In re Miller*, 140 B.R. 499 (Bankr.E.D.Ark. 1992) (service of notice of Arkansas case upon FmHA office in Virginia not valid service: "Since notice of FmHA of the confirmation hearing was not sent in the manner required by the Federal Rules of Bankruptcy Procedure, a new trial is appropriate so that FmHA's objection may be considered on the merits."). Accordingly, the defendant has not met its burden of demonstrating cause for setting aside the order. *See Longmeadow Motor Company, Inc. v. Heinz, (Heinz)*, 131 B.R. 38 (Bankr.D.Md. 1991).

ORDERED that the Motion to Set Aside Order filed on May 22, 1992, by the plaintiffs Jerry and Judith McElhaney, is DENIED.

IT IS SO ORDERED.

---

4. The procedures set forth in Rule 7004 are also applicable to contested matters. Fed.R.Bankr. Proc. 9014.

5. The failure to properly serve this defendant may raise notice issues regarding notice of the bankruptcy.