16 F.3d 240
 62 USLW 2530, 25 Bankr.Ct.Dec. 345, Bankr.
L. Rep. P 75,714
 In re Warren MILLER and Joann Miller, Debtors.
Warren MILLER; Joann Miller, Appellants,
v.
FARMERS HOME ADMINISTRATION; United States Department of
Agriculture, Appellees,
A.L. Tenney, Trustee, Appellee.
 No. 93-1261.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 9, 1993.
Decided Feb. 7, 1994.
 
 Counsel who presented argument on behalf of the appellant was Stephen Bruce Bennett of Sherwood, Arkansas.
 Counsel who presented argument on behalf of the appellee was William C. Adair of Little Rock, Arkansas. The names of Richard M. Pence, Jr. and William C. Adair of Little Rock, Arkansas, appear on the brief of the appellee.
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Warren and Joann Miller appeal the district court's[1] decision approving and adopting the bankruptcy court's[2] judgment setting aside the Millers' modified Chapter 12 bankruptcy plan (Modified Plan) and scheduling a new trial. This appeal involves two issues: (1) whether the Millers provided adequate statutory notice to Farmers Home Administration (FmHA) under the statutory notice requirements of the Federal Rules of Bankruptcy Procedure and, if not, (2) whether this failure justified the bankruptcy court's decision to grant FmHA a new trial in order to raise an objection to the Millers' Modified Plan. We conclude that the Millers did not provide the required statutory notice to FmHA, and that the bankruptcy court properly ordered a new trial. Thus, we affirm the judgment of the district court.
 
 I. BACKGROUND
 
 2
 On March 12, 1990, the Millers filed a voluntary petition for relief under the provisions of Chapter 12 of the United States Bankruptcy Code. On June 12, 1990, the Millers filed a Chapter 12 plan (Chapter 12 Plan) that listed FmHA as a creditor with a claim for $620,000 and listed FmHA's Virginia address. The Chapter 12 Plan proposed that the Millers would pay FmHA $8000 on its $620,000 claim. The Millers certified that they mailed notice of the Chapter 12 Plan to the United States attorney in Little Rock, Arkansas and to FmHA in Alexandria, Virginia. This notice informed the creditors of the time and location for the confirmation hearing. FmHA filed a proof of claim on June 22, 1990, and requested that the Millers send notice to its address in Little Rock, Arkansas. On July 2, 1990, the Millers, in response to an objection by the bankruptcy trustee, filed a Modified Plan and sent notice to the United States attorney for the Eastern District of Arkansas and to FmHA at FmHA's Virginia address.
 
 
 3
 FmHA did not file any objections to the Modified Plan and did not attend the confirmation hearing. At the confirmation hearing, the bankruptcy court sustained the trustee's objection and ordered the Millers to file a modified plan. On September 13, 1990, the bankruptcy court entered an order confirming the Millers' Modified Plan. On September 18, 1990, FmHA filed a motion to set aside the order confirming the Modified Plan and a motion objecting to the Modified Plan. On October 31, 1990, the bankruptcy court set aside the Modified Plan. The Millers appealed to the district court. The district court remanded the case to the bankruptcy court to make determinations on whether FmHA had received sufficient notice of the Modified Plan in order to make a timely objection.
 
 
 4
 On remand, the bankruptcy court solicited evidence regarding whether the Millers provided sufficient notice of the Modified Plan to FmHA, 140 B.R. 499. In its subsequent order, the bankruptcy court noted that FmHA had filed its motion to set aside the plan within ten days of the order confirming the Millers' Modified Plan. Therefore, the bankruptcy court treated the FmHA's motion as a motion for a new trial under Federal Rule of Bankruptcy Procedure 9023 (Rule 9023). The bankruptcy court determined that the Millers had failed to send notice to FmHA at the address listed on FmHA's proof of claim, and made a factual finding that the principal reason that FmHA did not object to the Modified Plan was the Millers' failure to give FmHA proper statutory notice. The bankruptcy court set aside the Millers' Modified Plan and ordered a new trial so that it could evaluate FmHA's objection on the merits.
 
 
 5
 The Millers appealed to the district court. The district court adopted the bankruptcy court's decision, noting that the bankruptcy court properly treated the FmHA's motion to set aside as a motion under Rule 9023, and agreed that FmHA's failure to make a timely objection to the Millers' Modified Plan was insufficient reason to deny its motion to alter or amend the confirmation of the Modified Plan. The Millers timely appealed.
 
 II. DISCUSSION
 
 6
 In support of reversal, the Millers argue that (1) the bankruptcy court improperly applied Federal Rule of Bankruptcy Procedure 2002(g) (Rule 2002(g)) to determine whether their notice to FmHA was statutorily sufficient, and, assuming that notice was improper, (2) the bankruptcy court should have analyzed FmHA's motion under 11 U.S.C. Sec. 1230 ("Revocation of an order of confirmation"), and improper statutory notice is insufficient to justify revocation under 11 U.S.C. Sec. 1230.
 
 A. Standard of Review
 
 7
 This court has jurisdiction over this appeal under 28 U.S.C. Sec. 158(d) (1988). We utilize the same standard of review as that of the district court. In re Commonwealth Cos., 913 F.2d 518, 521 (8th Cir.1990). We review the bankruptcy court's legal conclusions de novo and its factual findings under the clearly erroneous standard. Id.; see also Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir.1987).
 
 B. Statutory Notice to FmHA
 
 8
 The Millers argue that the bankruptcy court's conclusion that FmHA did not receive proper statutory notice was incorrect as a matter of law and therefore cannot support its grant of a new trial to FmHA. The Millers argue that they provided sufficient notice to FmHA under Federal Rule of Bankruptcy Procedure 2002(j)(4) (Rule 2002(j)(4)) because they sent notice of the Modified Plan to both the United States attorney for the Eastern District of Arkansas and to FmHA at FmHA's Alexandria, Virginia address. The Millers also argue that the bankruptcy court improperly relied upon Rule 2002(g) to analyze the propriety of the notice given by the Millers.
 
 
 9
 Rule 2002(j) governs notice to the United States when the United States is a creditor, other than a tax creditor. Rule 2002(j) states:
 
 
 10
 Copies of notices required to be mailed to all creditors under this rule shall be mailed ... (4) if the papers in the case disclose a debt to the United States other than for taxes, to the United States attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted....
 
 
 11
 Rule 2002(j) (emphasis added). Proper notice to the United States under Rule 2002(j)(4) requires notice (1) to the United States attorney for the district in which the case is pending and (2) to the agency to which the debtor owes the obligation. Rule 2002(j)(4) does not indicate to which address of the agency the debtor should send notice.
 
 
 12
 The Millers argue, however, that by sending notice to the United States attorney for the Eastern District of Arkansas and to FmHA in Alexandria, Virginia, they satisfied the notice provisions of Rule 2002(j)(4), and therefore, they need not also satisfy Rule 2002(g). We disagree.
 
 Rule 2002(g) provides:
 
 13
 Addresses of Notices. All notices required to be mailed under this rule to a creditor ... shall be addressed as such entity ... may direct in a filed request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later. If a different address is stated in a proof of claim duly filed, that address shall be used....
 
 
 14
 Rule 2002(g) (emphasis added). Rule 2002(g) provides that a creditor must receive notice at the address indicated on the creditor's proof of claim if that address differs from the address that appears on the list of creditors. Fed.R.Bankr.P. 2002(g). Rule 2002(g) operates conjunctively with the other notice provisions in Rule 2002. See id. (stating "[a]ll notices required to be mailed under this rule ... shall be addressed" (emphasis added)). Rule 2002(j)(4) does not specify to which address of the agency a debtor must send notice. When read together, as we hold they must be read, Rule 2002(g) fills in that blank address of the agency referred to in Rule 2002(j)(4).[3] Thus, a creditor must satisfy both Rules 2002(j)(4) and 2002(g) to provide statutory notice to the United States as a non-tax creditor.[4]
 
 
 15
 Applying the two notice provisions conjunctively, we conclude that the Millers did not satisfy the notice requirements of Rule 2002(j)(4) or Rule 2002(g). The bankruptcy court noted that FmHA duly filed a proof of claim on June 22, 1990, which indicated that FmHA's proper mailing address was in Little Rock, Arkansas.[5] On July 2, 1990, the Millers sent notice of their Modified Plan to the United States attorney for the Eastern District of Arkansas and to FmHA in Alexandria, Virginia, not in Little Rock, Arkansas. We conclude, as did the bankruptcy court, that Rule 2002(g) required the Millers to send notice to FmHA's Little Rock, Arkansas address. Because notice of the Millers' Modified Plan of July 2, 1990, did not satisfy this requirement, FmHA did not receive the required statutory notice. See Fed.R.Bankr.P. 2002(g), (j)(4).
 
 C. Grant of New Trial
 
 16
 The Millers also argue that the bankruptcy court could not rely on Rule 9023 when it ordered a new trial because FmHA's motion (FmHA Motion) did not specifically request a new trial or amendment of judgment.[6] The Millers argue that the bankruptcy court could only rely upon 11 U.S.C. Sec. 1230(a) to revoke the order of confirmation. The Millers contend that only a finding of fraud or a denial of due process satisfies the strict requirements of 11 U.S.C. Sec. 1230(a). Therefore, the Millers argue that the bankruptcy court clearly erred when it granted FmHA a new trial. We disagree.
 
 
 17
 The FmHA's initial motion does not purport to apply any specific bankruptcy rule. In fact, the district court first remanded the case back to the bankruptcy court under the impression that the applicable section was 11 U.S.C. Sec. 1230(a).[7] On remand, the bankruptcy court noted, however, that because FmHA filed its motion on September 18, 1990, five days after the order of confirmation, the government could rely on the less strict parameters of Rule 9023 to set aside the confirmation order. The bankruptcy court, thereafter, treated the FmHA's Motion as a motion for a new trial.
 
 
 18
 "Section 105(a) of the Bankruptcy Code provides bankruptcy courts with broad general powers to grant such relief as is necessary to effectuate the provisions of the Bankruptcy Code." In re Easton, 882 F.2d 312, 315 (8th Cir.1989). Section 105(a) states: "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Sec. 105(a) (1988). These broad powers, however, have limitations: "such powers must be exercised consistent with the provisions of the Bankruptcy Code." Easton, 882 F.2d at 315. We turn to whether the bankruptcy court could have properly interpreted FmHA's Motion as a motion for a new trial under Sec. 105(a).
 
 
 19
 The bankruptcy court interpreted FmHA's Motion as a motion for a new trial. Because FmHA had appealed within ten days of the bankruptcy court's order confirming the Millers' Modified Plan, the bankruptcy rules did not preclude the bankruptcy court's action. See Fed.R.Bankr.P. 9023 (incorporating Fed.R.Civ.P. 59 to allow motion for new trial or motion to amend judgment within ten days of entry of judgment); see also Finstrom v. Huisinga, 101 B.R. 997, 999 (D.Minn.1989) (upholding bankruptcy court's sua sponte dismissal of debtor's bankruptcy petition pursuant to its authority under Sec. 105(a)); cf. In re Aguilar, 861 F.2d 873, 874 (5th Cir.1988) (per curiam) (holding that motion for "Reconsideration of Claims" under Fed.R.Bankr.P. 3008 properly treated as a motion under Rule 9023 if filed within ten days of judgment). The bankruptcy court justified its action because it found that the Millers' failure to provide FmHA with the required statutory notice "was the principal reason FmHA's objection [to the Modified Plan] was not timely filed." Bankr.Ct.Order at 6 (Apr. 23, 1992). We turn to the validity of the bankruptcy court's justification.
 
 
 20
 The bankruptcy court's justification for treating FmHA's Motion as a motion for a new trial has both a legal component--whether the Millers' notice to FmHA satisfied the statutory requirements--and a factual component--whether the inadequate notice was the principal reason that FmHA failed to file a timely objection. Earlier, we held as a matter of law that the Millers' notice to FmHA did not satisfy Rules 2002(g) and 2002(j)(2). See supra Part II.B. We now consider the factual component.
 
 
 21
 At the August 2, 1991 evidentiary hearing, FmHA provided testimony that notice to FmHA at the local or state level is essential to its bankruptcy procedures. See Hearing Tr. at 31. FmHA refers bankruptcy matters to the United States attorney's office when it receives notice at the state or local level from the debtor. Id. A witness from the United States attorney's office stated that the United States attorney will not open a bankruptcy file before it receives a referral from FmHA, id. at 18, 21, and if the United States attorney's office, which receives over 4000 pieces of bankruptcy mail annually, id. at 10, does not have a file on a specific bankruptcy matter, it will simply discard the "generic" bankruptcy mail. Further, a witness from FmHA provided testimony that FmHA had never received notice of the Millers' Modified Plan.[8] Id. at 31. In light of this evidence, we cannot say that the bankruptcy court's finding that insufficient statutory notice was the principal reason that FmHA did not object to the Millers' Modified Plan was clearly erroneous.
 
 
 22
 Thus, we conclude that the bankruptcy court could properly treat FmHA's Motion as a motion for a new trial under its broad Sec. 105(a) powers and that the bankruptcy court properly granted that motion because FmHA did not receive adequate statutory notice.[9]
 
 III. CONCLUSION
 
 23
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas
 
 
 [3]
 To hold otherwise would permit a debtor to send notice to the agency address least likely to provide adequate notice, rather than the address most convenient to and requested by the agency
 
 
 [4]
 The advisory committee note to Rule 2002(j) states that notice to the agency head is sufficient to satisfy the "agency portion" of Rule 2002(j)(4). See United States Small Business Admin. v. Bridges, 894 F.2d 108, 113 n. 3 (5th Cir.1990) (per curiam) (citing advisory committee note to Rule 2002(j)). To the extent this advisory note is inconsistent with the explicit requirements of Rule 2002(g), we adhere to the explicit requirements of Rule 2002(g)
 
 
 [5]
 Upon request of this panel, FmHA supplemented the record to include its proof of claim. That claim, date-stamped by the bankruptcy clerk, indicates that FmHA filed its proof of claim on June 22, 1990, and that claim indicated a Little Rock, Arkansas address. Thus, we cannot state that the bankruptcy court's factual findings regarding the proof of claim are clearly erroneous; rather, they are clearly correct
 
 
 [6]
 The government motion, upon which the bankruptcy court ruled, stated: "UNITED STATES OF AMERICA'S MOTION TO SET ASIDE ORDER CONFIRMING CHAPTER 12 PLAN AND ALLOW OBJECTION TO CONFIRMATION OR IN THE ALTERNATIVE, MOTION TO DISMISS." Appellee's Add. A at 1
 
 
 [7]
 The district court erroneously believed that FmHA filed its motion on September 27, 1990, more than 10 days after the September 13, 1990 confirmation of the Millers' Modified Plan. The bankruptcy court discovered this error, sua sponte, and the district court later confirmed that it had committed this error
 
 
 [8]
 FmHA's knowledge that the Millers had filed a Chapter 12 petition does not affect the Millers' responsibility to provide statutory notice of their Modified Plan and therefore does not affect our analysis of whether FmHA received timely notice of the Millers' Modified Plan
 
 
 [9]
 Because we conclude that the bankruptcy court properly treated FmHA's Motion as a motion for a new trial, we need not address the Millers' claims based on 11 U.S.C. Sec. 1230(a)