In re William H. SHEPPARD, Debtor.

Ralph GREEN d/b/a New
Motors, Movant,

v.

William H. SHEPPARD, Respondent.

Bankruptcy No. 93–75139.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 25, 1994.

Debbie C. Pelerose, Atlanta, GA, for movant/creditor.

William H. Sheppard, pro se.

## CONTESTED MATTER

### DECISION ON CLAIMANT'S MOTION TO DISMISS, OBJECTION TO CONFIRMATION AND MOTION FOR RELIEF FROM STAY AND ON DEBTOR'S MOTIONS FOR RELIEF FROM VOID JUDGMENTS

JAMES E. MASSEY, Bankruptcy Judge.

Ralph Green, d/b/a New Motors (the "Claimant") seeks an order denying confirmation of the Chapter 13 plan of William H. Sheppard (the "Debtor") and dismissing this case or, alternatively, modifying the automatic stay imposed under 11 U.S.C. § 362 to permit the Claimant to continue collection proceedings against the Debtor. The Claimant holds judgments against the Debtor entered by the State Court of Fulton County, Georgia (the "State Court") in 1987 and this court in 1991. This Chapter 13 case is the fifth bankruptcy case filed by the Debtor since 1988.

The court heard the motions on January 14, 1994, at which time the Debtor raised the issue that he had not received notice of the claims embodied in the State Court judgment. The court held an evidentiary hearing on July 6, 1994. The court construes the Debtor's briefs and arguments as a motion under Fed.R.Civ.P. 60(b)(4), made applicable by Fed.R.Bankr.P. 9024, for relief from a void state court judgment. The Debtor made a formal motion for relief from this court's judgment.

Based upon the evidence presented, including certain facts of which the court takes judicial notice, the court holds that the State Court and this court lacked *in personam* jurisdiction over the Debtor to enter judgments against him. Therefore, those judgments are void. The discharge granted to the Debtor in his fourth bankruptcy case bars any residual claim arising prior to that case that the Claimant might otherwise have had against the Debtor. The Claimant, having filed no proof of claim in this proceeding, lacks standing to object to confirmation or to move for dismissal. Accordingly, the court grants the Debtor's motions for relief from the judgments and denies the motion to dismiss, the objection to confirmation and the motion for relief from stay.

## FINDINGS OF FACT

The Debtor is an attorney. In the fall of 1987 he represented A Wrecker Co., Inc., in an action in the State Court to foreclose a towing and storage lien on a motor vehicle owned by one Anjil Asebedo (the "Foreclosure Action"). Pursuant to the provisions of O.C.G.A. § 40–11–1, *et seq.,* A Wrecker Co., Inc., commenced the Foreclosure Action by the filing of an Affidavit for Foreclosure of Lien on Abandoned Motor Vehicle, executed by the Debtor, which named Asebedo as the defendant. In that pleading, the Debtor represented that he had complied with state law requiring the foreclosing party to notify the owner and any security interest holder or lienholder of a right to redeem the vehicle.

Shortly thereafter, the Claimant filed a "Petition of Lien Claimant" in the Foreclosure Action in which it requested a hearing to determine if a valid debt to the Claimant existed. The Claimant denied that it had received proper notice of the foreclosure as required by the statute and alleged that the Debtor's client sold the vehicle without a court order and in contravention of its rights as a lienholder. Neither the Petition nor the State Court's judgment bother with explaining the contradiction that without that court's authorization, a sale could not have affected the Claimant's lien. The Claimant's Petition

asked the State Court to "inquire into" the grounds for the Petition and to hold a hearing. The certificate of service states that the Claimant's counsel served the Petition on the Debtor as "Attorney for Plaintiff."

The State Court held a hearing on the Petition at which neither the Debtor nor his client appeared. On November 25, 1987, the State Court entered a judgment, prepared in its entirety by the Claimant's counsel. The style of the judgment, like that of the Petition, recited the case number of the Foreclosure Action and identified A Wrecker Co., Inc., as the plaintiff, Anjil Asebedo as the defendant and Ralph Green, d/b/a New Motors as the "Petitioner." The judgment invalidated the lien of the Debtor's client and found that the Debtor's client *and the Debtor* had acted in bad faith. It concluded that the Debtor lacked substantial justification within the meaning of O.C.G.A. § 9–15–14(b) for filing the affidavit initiating the Foreclosure Action.[1] The State Court entered a judgment against the Debtor's client *and the Debtor* for actual damages in the amount of $2,100, punitive damages in the amount of $2,500 and attorney's fees in the amount of $1,500.

The Debtor was not a party to the Foreclosure Action. Claimant never caused the Debtor to be served with process in connection with that action. The Claimant's Petition gave no clue that it would seek damages, punitive damages or attorney's fees from the Debtor for allegedly filing an improper affidavit. Neither the Petition nor the State Court's judgment used the word "fraud" or described any fraudulent conduct.

The Debtor filed a motion for a new trial. Neither he nor his client appeared at the hearing on his motion, and the State Court denied the motion. The Debtor appealed but failed to perfect the appeal and it was dismissed.

The Debtor filed four bankruptcy cases prior to the present case: a Chapter 7 case on November 2, 1988; a Chapter 7 case on June 16, 1989; a Chapter 7 case on July 31, 1990; and a Chapter 7 case on November 26,

---

**1.** O.C.G.A. § 9–15–14 provides for the recovery of reasonable and necessary attorney's fees and expenses of litigation by a party who prevails on a claim for abusive litigation.

1990. The first three cases were dismissed but in the fourth case, the Debtor received a discharge.

The court takes judicial notice of the fact that the Debtor failed to list the Claimant as a creditor in his schedules filed in his fourth case. Nonetheless, the Claimant discovered the case in time to participate in it, as reflected by its timely filing of an adversary proceeding against the Debtor 60 days after the first date set for the meeting of creditors.

In the adversary proceeding, initiated under the name of Barry Karp, Executor of the Estate of Ralph Green, d/b/a New Motors, as the plaintiff, the Claimant[2] sought a determination that the State Court judgment against the Debtor was nondischargeable. The complaint represented to this court as follows:

> The debt in question arose out of a "Yost Action" having been brought against the debtor, in which such action it was alleged and proven that the debtor and his client had attempted to defraud the plaintiff by converting property on which the plaintiff held a lien without notifying the plaintiff of the sale of said property.

Complaint in *Barry Karp, Executor of the Estate of Ralph Green, d/b/a New Motors, Plaintiff, v. William H. Sheppard, Defendant* (Adversary Proceeding No. 91–6129), ¶ 8. The representation to this court that a debt owed by the Debtor arose out of a Yost action and that the plaintiff had alleged and proved that the Debtor had committed a fraud was plainly false.

In the adversary proceeding, the Claimant filed a certificate of service showing service of the complaint in the "United States mail" on William H. Sheppard, 4121 Kimlie Court, Decatur, Georgia 30055. The certificate of service was not made under penalty of perjury or in an affidavit, makes no mention of service of the summons and does not state that service was by first class mail. Certificates of service of the clerk of this court and the trustee reflect service of pleadings in the main bankruptcy case on the Debtor at 4121 Kimlie Court, Decatur, Georgia 30035, the address contained on the notice to creditors

of the commencement of the case. The Debtor testified at the July 6, 1994 hearing that the zip code used for service of process in the adversary proceeding was correct but that he had not received the summons and complaint in the mail. In his post-hearing brief and in his motion for relief from default judgment, the Debtor asserts that the address for service of process was incorrect because of the incorrect zip code. The court takes judicial notice that the correct zip code for 4121 Kimlie Court, Decatur, Georgia was 30035 in 1991. *The United States Zip Code & Post Office Directory,* at 3–736 (1991). The Claimant introduced no evidence to refute the Debtor's testimony.

The Debtor did not receive the summons and complaint in the adversary proceeding by the United States mail. He failed to file an answer to the complaint or otherwise respond, and as a result the clerk of this court made an entry of default on July 9, 1991. The Debtor learned of the entry of default, as evidenced by a letter dated July 16, 1991, from the Debtor's law partner to the Claimant's attorney. The letter advised that the Debtor was out of town but intended to file a motion to reopen the default upon his return on August 4, 1991. The letter requested the Claimant to delay any action on the matter until the Debtor's return. The Debtor did not move to reopen the default or otherwise inform this court that he had not received proper service of the summons and complaint. On August 7, 1991, this court entered a default judgment against the Debtor, awarding the Claimant $8,740.00 plus costs and post-judgment interest and declaring that debt to be nondischargeable.

The Claimant collected over $2,000 from the Debtor prior to the filing of this Chapter 13 case, which the Debtor filed on October 27, 1993.

### DISCUSSION AND CONCLUSIONS OF LAW

The cornerstone of our judicial system is notice and the opportunity to be heard. The

---

**2.** The court assumes that the failure to mention Mr. Green's estate as the real party in interest in this case was an oversight.

due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution condition the exercise of federal or state judicial power to render a final adjudication of a party's rights upon adequate notice of the proceeding to that party and an opportunity to oppose the relief sought. As the Supreme Court put it in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950),

> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections.

339 U.S. at 314, 70 S.Ct. at 657.

The opportunity to be heard on the merits of the matter at issue is no less important than notice. "To hold one bound by the judgment who has not had such opportunity is contrary to the first principles of justice." *Baker v. Baker, Eccles & Co.,* 242 U.S. 394, 403, 37 S.Ct. 152, 155, 61 L.Ed. 386 (1917). An opportunity to be heard is virtually meaningless, however, if the notice does not inform the potential litigant about the proposed adjudication so as to permit an informed judgment whether the matter is worth the effort of being heard.

The Supreme Court has consistently set aside or reversed judgments of state courts where service of process was deficient or notice inadequate. *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (notice to creditors of an estate by publication was inadequate where identity of creditors was reasonably ascertainable requiring actual notice; state court judgment finding creditor's claim time barred reversed); *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (state court default judgment for money set aside on ground that defendant was not personally served, rendering service of process defective); *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) (state court default judgment for eviction set aside where method of service of process was by posting notice on door of tenant, which was not reasonably calculated to provide adequate notice for the purposes of due process). In short, a judgment purporting to bind the person of a defendant over whom a court has no *in personam* jurisdiction is void. *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877).

Fed.R.Civ.P. 60(b)(4), incorporated in Fed.R.Bankr.P. 9024, permits a party to seek relief from a void judgment or order. Although Rule 60(b) requires motions on certain grounds to be made within one year of entry of a judgment and on certain other grounds, "within a reasonable time," courts have consistently interpreted the rule to mean that there is no time limit within which a void judgment must be challenged. Fed.R.Civ.P. 60(b); 11 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* §§ 2862, 2866 (1973 & Supp.1994); *Wetherbee v. Willow Lane, Inc. (In re Bestway Products, Inc.),* 151 B.R. 530, 538 (Bankr.E.D.Cal.1993), *aff'd,* 165 B.R. 339 (9th Cir. BAP 1994). Accordingly, if the State Court and this court did not afford the Debtor proper notice of the proceedings in which they rendered judgments against him, they lacked jurisdiction over his person and their judgments would be void.

### A. *Fulton County State Court Judgment.*

The State Court judgment against the Debtor purports to adjudicate his liability to the Claimant under O.C.G.A. § 9–15–14 for damages, punitive damages and attorney's fees. O.C.G.A. § 9–15–14(b) authorizes the court, on the motion of a party or the court's own motion, to assess reasonable and necessary attorney's fees against a party or an attorney. To do so, the court must first determine that the claim, defense or position asserted lacked substantial justification, was interposed for harassment or delay or otherwise involved improper conduct within the meaning of the statute. O.C.G.A. § 9–15–14 speaks only to an award of reasonable and necessary attorney's fees and litigation expenses; it does not authorize the trial court to impose compensatory or punitive damages.

Prior to April 1989, a claim for damages arising from the common law tort of abusive litigation had to be embodied in a compulsive counterclaim in that action.[3] *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986). It is a mystery how the Claimant or the State Court could have thought that the Debtor was a party to the Foreclosure Action, such that the Petition might somehow have been deemed a "counterclaim." It seems obvious that a person who is not a party to the original lawsuit, a person who has made no claim himself, for example a party's attorney, cannot properly be served with a "counter" claim.

Whether viewed as a "counterclaim" or a complaint or a motion, the Claimant's Petition in the State Court did not assert that the Debtor had wrongfully sold the vehicle in question and it sought no award of damages or attorney's fees. The Petition did not cite O.C.G.A. § 9–15–14 and did not allege that the Debtor had engaged in fraud.

Not having been served with a summons and complaint, the Debtor was not a party to the Foreclosure Action. The Claimant served its Petition on the Debtor as attorney for the plaintiff in the Foreclosure Action, not on the Debtor individually.

The judgment recognized that no foreclosure sale had been authorized, which precluded displacement of liens. Moreover, the Petition and the judgment stated that the Debtor's client had already sold the vehicle in question at the time that the Debtor initiated the Foreclosure Action, in which case the Claimant had already suffered whatever damages it would suffer, but not according to the Claimant's own Petition, at the hand of the Debtor. Contrary to Claimant's representation to this court, the judgment made no finding that the Debtor had engaged in fraud. The judgment based liability of the Debtor on a statute that limits sanctions to an award of attorney's fees only. Despite

these circumstances, the State Court nonetheless held the Debtor liable to the Claimant for damages.

Thus, the judgment of the State Court awarded damages never claimed, as a remedy that never existed under a statute that was not invoked in the only pleading filed by the Claimant in the case. The judgment awarded those damages against a person not named as a party, who was never afforded notice of a claim or a genuine opportunity to be heard and who was never charged with making the allegedly wrongful sale, that could not, in any event, have affected any lien right of the Claimant. Only the Debtor's own dilatory and virtually non-existent effort to seek relief from the judgment stifles a more complete description of that judgment than simply "void."[4]

■ If viewed as an exercise of a court's inherent power to discipline attorneys, the award of attorney's fees contained in the State Court judgment also does not withstand constitutional scrutiny. A proceeding to impose attorney's fees, like any other judicial proceeding, requires proper notice. In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the United States Supreme Court stated in dicta that:

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. *See* Renfrew, "Discovery Sanctions: A Judicial Perspective," 67 Calif.L.Rev. 624, 628 (1979). *Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.*

---

**3.** In 1989, the legislature enacted O.C.G.A. §§ 51-7-80 *et seq.*, codifying the tort of abusive litigation. That statute permits the recovery of damages, as well as attorney's fees, but requires commencement of a separate action.

**4.** As indicated, the Claimant's attorney in that case prepared the judgment. Directory Rule 7-

102 of the Georgia Canons of Ethics forbids advancing a claim that is unwarranted under existing law. Whatever complaint that the Claimant may have had concerning the Debtor's conduct as a lawyer, it did not suspend the Canons of Ethics.

447 U.S. at 766–767, 100 S.Ct. at 2464. (Footnotes omitted; emphasis added.) It is no defense that the Debtor knew that a hearing would be held on the Petition and could have shown up to find out what the State Court proposed to do or that, as the Claimant put it in its brief, the State Court was empowered sua sponte to award attorney's fees, every attorney knows about O.C.G.A. § 9–15–14 and hence the Debtor was on notice that a judgment might be entered against him. Under that dubious theory, the next step would be to dispense with summonses, complaints, hearings and trials altogether, on the theory that everyone is presumed to know the law.

If the Petitioner or the State Court ever made a motion for attorney's fees, as required by O.C.G.A. § 9–15–14, it was oral and was not made until the hearing on the Petition. They kept it a secret from the Debtor. It may well be that "ninety percent of life is just showing up," but that is not a constitutional command. The Constitution does not require clairvoyance on the part of attorneys, any more than it does for litigants who are not attorneys. Accordingly, the judgment is void for lack of personal jurisdiction over the Debtor and for failing to afford him due process of law.

### B. *The Default Judgment in the Bankruptcy Adversary Proceeding.*

The Claimant obtained a judgment against the Debtor in this court. That judgment is also void.

■ Fed.R.Bankr.P. 7004 permits service of process by first class mail. The use of the abbreviated procedure of service by mail in bankruptcy proceedings requires a higher standard of care when serving a party defendant. *McElhaney v. Student Loan Services (In re McElhaney)*, 142 B.R. 311 (Bankr.E.D.Ark.1992). Thus, a plaintiff must comply strictly with Rule 7004, which requires that service by mail be made using the correct address for the party defendant.

■ Service by mail is complete upon mailing. Fed.R.Civ.P. 5(b) and Fed. R.Bankr.P. 7005. Accordingly, service is presumed valid upon the mailing of a summons and complaint. The certificate of service filed by the Claimant in the 1991 adversary proceeding is defective on its face. The certificate, executed by one of Claimant's attorneys, Mark J. Popkin, fails to mention the summons and does not state that the service was effected by first class mail. The certificate of service was not under oath, as required by Fed.R.Bankr.P. 7004(a), which makes Fed.R.Civ.P. 4(g), as in effect on January 1, 1990, (*See* Fed.R.Bankr.R. 7004(g)), applicable.

■ The Debtor does not deny receiving the Claimant's motion for a default judgment in the 1991 adversary proceeding, and he had the opportunity to bring to the court's attention the defect in proof of service of process as well as the service itself. Failure to make proper proof of service does not affect validity of service, however. Hence, this court properly entered judgment against the Debtor on the record that existed.

■ At the July 6, 1994 hearing, however, the Debtor raised the issue of proper service in the 1991 adversary proceeding. Because the certificate of service was not under oath and was defective on its face, it had no evidentiary value and raised no presumption of valid service at that hearing. Moreover, even if there were a presumption that service was valid, a party can rebut that presumption with evidence showing that the service was defective. In this case, the zip code used by the Claimant was incorrect, and the Debtor testified that he never received the summons and complaint by mail. The burden of proving valid service rested throughout the hearing on the Claimant, and it offered nothing to prove valid service of the summons and complaint. Thus, Claimant never served valid process on the Debtor in the 1991 adversary proceeding.

Where service of process is defective, a judgment rendered against a party is void and subject to collateral attack. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877). Because the Debtor did not receive proper service of process in the 1991 adversary proceeding, this court never acquired personal

jurisdiction over him in that case. Hence, the judgment of this court is void.

### C. *Claimant's Standing.*

Although a creditor may not receive actual, formal notice from the bankruptcy court of the creditors' meeting, he nonetheless has a duty to make an inquiry, if he becomes aware of the bankruptcy case. *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988). The Claimant had actual knowledge of the Debtor's 1990 bankruptcy case in time to participate fully in the case, though the Debtor had failed to list the Claimant as a creditor. The Claimant had actual knowledge in time for timely filing a proof of claim, had one been required. (In fact, the court notified creditors not to file claims because it was a no-asset case.) Because the judgment of nondischargeability is void, the discharge granted to the Debtor in his fourth bankruptcy case bars the Claimant from attempting to collect any claim against the Debtor that arose prior to the filing of the Debtor's 1991 bankruptcy case. 11 U.S.C. §§ 727, 524 and 523(a)(3)(A). It has filed no claim in the Debtor's Chapter 13 case. Hence, the Claimant lacks standing in this case to object to the confirmation of the Debtor's plan or to seek a dismissal of this case.

For these reasons, the court grants the Debtor's motions for relief from the judgments and denies the Claimant's motion to dismiss, objection to confirmation and motion for relief from stay. The court will enter a separate order.