**In re Lorraine MacKENZIE, Debtor.**

No. 03–10757–JMD.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 27, 2004.

Raymond J. DiLucci, Raymond J. Di-Lucci, P.A., Concord, NH, for Debtor.

Vincent A. Wenners, Jr., Craig, Wenners, Craig & Capuchino, PA, Manchester, NH, for Dovenmuehle Mortgage, Inc.

## *MEMORANDUM OPINION*

J. MICHAEL DEASY, Bankruptcy Judge.

### I. INTRODUCTION

This matter is before the Court on the objection of Dovenmuehle Mortgage, Inc. (the "Mortgagee") filed March 22, 2004 (Doc. No. 24) (the "Objection") to confirmation of the Debtor's Chapter 13 Plan of Reorganization Dated March 20, 2003 (Doc. No. 6) (the "Chapter 13 Plan") and the chapter 13 trustee's (the "Trustee") Motion to Dismiss or Convert filed September 17, 2003 (Doc. No. 12) (the "Motion to Dismiss"). This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. FACTS

The Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code [1] on March 10, 2003. Notice of the commencement of the Debtor's chapter 13 case was served on all creditors, including the Mortgagee and its counsel, on March 16, 2003 (Doc. No 5) (the "Notice"). The Notice advised creditors that July 14, 2003, was the deadline for all creditors, except governmental units, to file a proof of claim. On March 20, 2003, the Debtor filed the Chapter 13 Plan with the Court and served it on all creditors, including the Mortgagee and its counsel. Counsel for the Mortgagee filed and served an Appearance and Request for Notice on April 2, 2003 (Doc. No. 9). The Chapter 13 Plan provided *inter alia* that (1) the Mortgagee would retain its first mortgage lien on the Debtor's residence until the Debtor's obligations were paid in full; (2) the Debtor would make regular monthly mortgage payments directly to the Mortgagee in a timely manner; and (3) the Debtor would cure a prepetition arrearage to the Mortgagee in the amount of $5,915.00 by regular monthly payments through the Chapter 13 Plan.

The Internal Revenue Service ("IRS") filed a proof of claim on July 7, 2003 (POC No. 7) stating that the Debtor had failed to file income tax returns for the 2001 and 2002 tax years and estimating a claim in the amount of $3,518.45. The Trustee subsequently filed the Motion to Dismiss

---

**1.** In this opinion the terms "Bankruptcy Code" and "§" refer to title 11 of the United States Code.

based upon the Debtor's failure to file 2001 and 2002 federal income tax returns. The IRS also filed an objection to confirmation of the Chapter 13 Plan (Doc. No. 14). On February 24, 2004, the IRS filed an amendment to POC No. 7 reducing its claim to zero and indicating that the Debtor had filed the missing tax returns (POC No. 8).

On March 3, 2004, the Mortgagee filed a proof of claim alleging a balance due in the amount $84,031.15 and a prepetition arrearage in the amount of $9,005.61 (POC No. 9). The Debtor objected to POC No. 9 on the basis that it was not timely filed and did not comply with the requirements of Federal Rule of Bankruptcy Procedure 3001(c) and (d) (Doc. No. 23). At a hearing on May 14, 2004, the Court sustained the Debtor's objection to POC No. 9 based upon untimely filing (Doc. No. 34) and directed the parties to file points of authority or memoranda regarding the effect of the failure of the Mortgagee to timely file its proof of claim. The parties each filed brief memoranda of law (Doc. Nos. 40 and 44) and the Debtor filed her First Amended Chapter 13 Plan of Reorganization Dated June 8, 2004 (Doc. No. 42) (the "Amended Chapter 13 Plan"). The Amended Chapter 13 Plan differs from the Chapter 13 Plan by providing for the cure of an arrearage to the Mortgagee in the amount of $9,005.61, a shorter term, an increased monthly plan payment and a reduction in the estimated dividend to unsecured creditors from 5% to 2%.

At the hearing on July 23, 2004, the Debtor stated that the Amended Chapter 13 Plan was filed as a contingent plan if the Court ruled against the Debtor on the Objection, but that the Debtor intended to pursue the original plan if the Court ruled in her favor. After argument on the impact of the disallowance of the Mortgagee's untimely filed claim on the effect of confirmation of the Debtor's plan, the Court took this matter, as well as the Motion to Dismiss, under advisement and continued the confirmation hearing to October 15, 2004.

## III. DISCUSSION

The Motion to Dismiss was based upon the Debtor's failure to file federal income tax returns for 2001 'and 2002. In amending POC No. 7, the IRS has indicated that its claim is reduced to zero because the Debtor has filed those tax returns. *See* POC No. 8. Accordingly, the Motion to Dismiss shall be denied.

The Objection is based upon the Mortgagee's position that (1) the Debtor listed the total amount of its claim in her schedules as $77,513.10, rather than the $84,031.15 it claims to be owed and which was set forth in POC No. 9 and (2) the Chapter 13 Plan failed to include the correct amount of the prepetition arrearage or $9,005.61. The Debtor contends that because the Mortgagee failed to timely file a proof of claim and its untimely proof of claim was disallowed, the arrearage listed in the Chapter 13 Plan of $5,915.00 is the correct amount and that upon the Debtor's successful completion of that confirmed plan, she should be deemed current and all defaults cured. The parties agree that the Mortgagee holds a valid perfected mortgage securing its claim against the Debtor and that the value of the Debtor's home exceeds the amounts due on the mortgage.

The Bankruptcy Code does not require any creditor to file a proof of claim. 11 U.S.C. § 501(a). If a secured creditor does not file a proof of claim, it may look to its lien for satisfaction of the debt because the failure to file does not affect the validity of a perfected lien. 11 U.S.C. § 506(d)(2); *In re King*, 165 B.R. 296, 298–99 (Bankr.M.D.Fla.1994). Unless avoided by the Court, a creditor's lien will pass through bankruptcy unaffected. *See*

*Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). However, in a chapter 13 proceeding a creditor does not have a right to receive a distribution under a confirmed plan until it holds a claim allowed pursuant to § 502(a). 11 U.S.C. § 1325; Fed. R. Bankr.P. 3021; *Southtrust Bank of Alabama v. Thomas (In re Thomas),* 91 B.R. 117, 121 n. 9 (N.D.Ala.1988), *aff'd,* 883 F.2d 991 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990). In a chapter 13 proceeding, a secured creditor must file a claim under § 501 before it can be allowed. 11 U.S.C. § 502. In this case, the Mortgagee's claim was untimely filed and was disallowed after an objection by the Debtor. Therefore, the Mortgagee does not have an allowed claim and is not entitled to a distribution under any confirmed plan. Since the Mortgagee in this case does not have any right to a distribution under a confirmed plan, it does not have standing to object to the confirmation of the Chapter 13 Plan based upon the failure of such plan to make a payment on account of its claim. *In re Dennis,* 230 B.R. 244 (Bankr.D.N.J.1999) (holding that a creditor who filed an untimely proof of claim lacks standing to object to a plan on the grounds that it fails to pay a proof of claim which has been disallowed as untimely filed); *cf. In re Kressler,* 252 B.R. 632 (Bankr.E.D.Pa.2000) (finding that a secured creditor who failed to file a proof of claim did have standing to object to a plan which purported to avoid the secured creditor's lien).

Under the terms of the Chapter 13 Plan and the Amended Chapter 13 Plan, the Mortgagee retains its lien and the Debtor is required to pay all postpetition mortgage payments directly to the Mortgagee outside of the plan. The only difference in the treatment of the Mortgagee in the Debtor's two alternative plans is the amount of the arrearage that she proposes to pay to the Mortgagee. If the Debtor's final plan proposes to pay something to the Mortgagee on account of a prepetition arrearage, and that plan is confirmed, the Debtor shall be bound to pay that sum to the Mortgagee under the terms of the order confirming the plan and the Mortgagee shall be bound to apply such sums to any actual prepetition arrearage. *Factors Funding Co. v. Fili (In re Fili),* 257 B.R. 370 (1st Cir. BAP 2001) (stating that a provision in a confirmed chapter 13 plan reducing a claim to zero was a final order) (*citing Andersen v. UNIPAC–NEBHELP (In re Andersen),* 179 F.3d 1253, 1257–60 (10th Cir.1999)).

The Debtor contends that the failure of the Mortgagee to timely file a proof of claim will, if the Chapter 13 Plan is confirmed, result in a final determination of the amount of the arrearage. According to the Debtor, if the Chapter 13 Plan is confirmed and the Debtor completes the plan, the $5,915.00 arrearage paid through the confirmed plan will result in the Debtor being current on all of her prepetition obligations to the Mortgagee. The Debtor's contention is incorrect. The Court has not ruled on the amount of any prepetition arrearage due to the Mortgagee under the terms of its loan documents. The disallowance of its untimely filed proof of claim was not on the merits of its proof of claim, but was on procedural grounds. In this case, the disallowance of the Mortgagee's claim only results in the loss of any right to a distribution under a confirmed plan. If the Mortgagee had filed a timely proof of claim, the allowance of that claim, with or without objection by the Debtor, would be a determination of the arrearage stated in the claim and would be binding on both the Debtor and the Mort-

gagee.[2] Therefore, in the absence of any determination by the Court of the amount of the arrearage, the Debtor's contention must be based solely upon the provisions of her proposed plan of reorganization. However, the provisions of the Chapter 13 Plan cannot modify the rights of a creditor holding a claim secured only by a security interest in real property that is the Debtor's residence. 11 U.S.C. § 1322(b)(2); *Nobelman v. Am. Sav. Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). The Mortgagee's *in rem* rights to satisfy its claim against the Debtor's residence cannot be modified by the confirmation of any plan. 11 U.S.C. § 1322(b)(2); *Nobelman v. Am. Sav. Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

Accordingly, to the extent that any payments to the Mortgagee under a confirmed plan do not fully pay the amount of any prepetition arrearage, such amounts shall remain outstanding and secured by the Mortgagee's lien on the Debtor's residence after completion of the plan. During the term of any confirmed plan, the failure of the Debtor to make payments on a prepetition arrearage due to the disallowance of the Mortgagee's untimely filed proof of claim shall not constitute cause for relief from the automatic stay. *In re Humphrey,* 309 B.R. 777, 782 (Bankr. W.D.Mo.2004); *In re Schaffer,* 173 B.R. 393, 395 (Bankr.N.D.Ill.1994).

The determination of the amount of any prepetition arrearage and the issue of how the Mortgagee might enforce its claim for unpaid prepetition arrearage after completion of a confirmed plan are not before the Court at this time and, therefore, the Court declines the parties' invitation to decide what action the Mortgagee might take to determine the amount of any arrearage claim or to pursue any such claim against the Debtor or her property after completion of a confirmed chapter 13 plan.

## IV. CONCLUSION

For the reasons outlined above, the Mortgagee's Objection shall be overruled and the Trustee's Motion to Dismiss shall be denied. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue separate orders consistent with this opinion.

---

**2.** Similarly, if the Debtor had timely filed a proof of claim on behalf of the Mortgagee pursuant to Fed. R. Bankr.P. 3004, and that claim was allowed, with or without objection by the Mortgagee, the amount of the arrearage allowed would be binding on both the Debtor and the Mortgagee.