IN RE: William Everett
BELSER, Debtor.

William Everett Belser, Appellant,

v.

Nationstar Mortgage, LLC,
d/b/a Champion Mortgage
Company, Appellee.

BAP NO. NH 14–065
Bankruptcy Case No. 14–10547–BAH

United States Bankruptcy Appellate Panel
of the First Circuit.

August 6, 2015

Raymond J. DiLucci, Esq. on brief for Appellant.

Shawn M. Masterson, Esq., and Joseph M. Dolben, Esq., on brief for Appellee.

Before Hillman, Feeney, and Finkle, United States Bankruptcy Appellate Panel Judges.

Feeney, U.S. Bankruptcy Appellate Panel Judge.

William Everett Belser (the "Debtor") appeals from the bankruptcy court's order overruling his objection to the proof of claim filed by Nationstar Mortgage, LLC ("Nationstar") on the grounds of untimeliness. For the reasons set forth below, we **AFFIRM.**

### BACKGROUND

On March 19, 2014, the Debtor filed a chapter 13 petition.[1] On his schedules, the Debtor listed Nationstar as a secured creditor holding a reverse mortgage on his property in the amount of $93,000.00. The bankruptcy court set July 14, 2014, as the deadline to file proofs of claim.

On April 4, 2014, the Debtor filed a chapter 13 plan. With respect to Nationstar, the plan provided as follows: "This is a Reverse Mortgage and the pre-petition arrearage was caused by unpaid real estate taxes and such arrearage will be paid through the Plan." The "Estimated Total Pre-petition Arrearage" was listed as $10,000.00. Nationstar filed an objection to the plan which contained five numbered paragraphs as follows:

1. Lender is a secured creditor of Debtor and is secured by a first position reverse mortgage on Debtor's property located at 25 New Chester Mount[ain] Road, Bristol, NH 03222 (the "Property").

2. As of May 28, 2014, Lender's total secured claim is $185,999.10 with a pre-

---

1. Unless expressly stated otherwise, all references to the Bankruptcy Code or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101 et seq. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

petition arrearage in the amount of $21,690.80.

3. On or about April 4, 2014, Debtor filed a proposed Chapter 13 Plan (the "Plan").

4. The Plan provides for payment of the pre-petition arrearage owed to Lender in the amount of $10,000.00.

5. The Plan does not provide for adequate treatment of Lender's secured claim and is not feasible.

Thereafter, the claims bar date expired on July 14, 2014. Nationstar did not file a formal proof of claim by the claims bar date.

On July 25, 2014, the Debtor filed a proof of claim on behalf of Nationstar asserting a secured claim in the amount of $93,000.00, with a pre-petition arrearage of $10,000.00 ("Claim No. 4"). Six weeks later, on September 9, 2014, Nationstar filed its own proof of claim asserting a secured claim in the amount of $158,490.18, with a pre-petition arrearage of $21,690.80 ("Claim No. 6"). Nationstar did not indicate that Claim No. 6 amended a previously filed claim, nor did it reference either Claim No. 4 or Nationstar's objection to the plan. The Debtor objected to Claim No. 6 on the grounds that it was untimely and should be disallowed. The bankruptcy court scheduled the matter for a hearing on October 29, 2014.

In the meantime, on September 25, 2014, the Debtor filed an amended chapter 13 plan which included the same provision set forth in the original plan providing for payment of a pre-petition arrearage of $10,000.00 to Nationstar. Nationstar objected on the same grounds previously asserted in its objection to the original plan.

Nationstar also filed a response to the Debtor's objection to Claim No. 6. Nationstar asserted that, as it filed an objection to the Debtor's plan prior to the expiration of the claims bar date, and the objection contained both the total amount due and the pre-petition arrearage, the objection acted "as a timely filed informal proof of claim and the POC [Claim No. 6] may be treated as an amendment thereto. *See In re Harper,* 138 B.R. 229 ( [Bankr. ]N.D.Ind[.]1991)."

On October 29, 2014, the bankruptcy court held a hearing on the Debtor's objection to Claim No. 6. At the hearing, the Debtor argued that Claim No. 6 was untimely as it was filed after the expiration of the claims bar date and should be disallowed.[2] In response, Nationstar raised two arguments: (1) its objection to the Debtor's original plan should be treated as an informal proof of claim as it was in writing, it was filed before the claims bar date, it alerted the Debtor that there was a substantial pre-petition arrearage above his $10,000.00 estimated amount, and it would be equitable to allow the claim based on the objection; and (2) Claim No. 6 simply amended Claim No. 4. The Debtor countered that Nationstar's objection to his plan did not constitute an informal proof of claim as it did not demonstrate how Nationstar calculated the numbers asserted therein and, therefore, did not afford the Debtor due process. The bankruptcy court and the parties then engaged in a dialogue regarding due process in light of the events,[3] and whether Nations-

---

2. When questioned by the bankruptcy court, the Debtor agreed that he was not challenging the merits of Claim No. 6 or the amount of the arrearage claimed therein, but only because it was unnecessary to address the merits as Claim No. 6 was untimely and must be disallowed.

3. The following is a timeline of the relevant events:

> 04/04/14—Debtor files chapter 13 plan (asserting arrearage of $10,000.00)

tar's objection to the plan provided the Debtor with sufficient notice of the nature and amount of its claim.

The bankruptcy court ultimately concluded that the combination of events (Nationstar's objection setting forth an arrearage of $21,690.80, the Debtor's filing of Claim No. 4 setting forth an arrearage of $10,000.00, which he admitted was an "educated guess," and Nationstar's filing of Claim No. 6 setting forth an arrearage of $21,690.80 as set forth in its objection) provided the Debtor with adequate notice of Nationstar's claimed arrearage. Specifically, the bankruptcy court stated:

I'm not sure what purpose is served under the Code or the Rules with the debtor having been placed on notice of what the amount of the arrearage is in an objection that was filed to a plan. Even in the absence of a claim being timely filed, you know, if you couple that with the fact that the debtor filed a claim with this estimated educated guess in it, that was then followed by a claim filed by the bank that had the very same number that the bank had filed in the objection to the plan which itself was filed before the proof of claim's bar date, you know, if you put those two things together then I have a hard time trying to see what the prejudice here to the debtor is. The plan hasn't been confirmed yet.

...[T]he bank's proof of claim was filed relatively quickly after the debtor filed a proof of claim and within like five or six weeks I think. So, you know, I don't know that it's just whether the ... objection ... [to] the plan was an informal proof of claim or whether it's just that the bank's amendment or the bank's filing claim number 6 should be treated as an amendment of the claim that the debtor filed. But I think when you put those two things together, it's hard to see how it's unfair to the debtor who filed a claim essentially on behalf of the bank anyway, not to use—not to have to permit the adjudication of what the actual arrear—amount of the arrearage is in the context of the plan as opposed to some post-confirmation ... proceedings, you know, years from now.

Thus, the bankruptcy court overruled the Debtor's objection to Claim No. 6, stating as follows:

...[W]e've got the *Suarez* case and we've got the *Reockus* (phonetic)[4] case which I think read together and [ ] the bank cited the *Harper* case from Indiana, I think if you read all those together you can get to the point where the combination here of the debtor having been placed on notice of the nature and amount of the claim in the context of the bank's objection to the plan coupled with the debtor having filed a claim on the bank's behalf, which the bank[ ]

05/28/14—Nationstar files objection to plan confirmation (asserting arrearage of $21,690.80)
07/14/14—Claims Bar Date
07/25/14—Debtor files Claim No. 4 on behalf of Nationstar (asserting arrearage of $10,000.00)
09/09/14—Nationstar files Claim No. 6 (asserting arrearage of $21,690.80)
09/10/14—Debtor files objection to Claim No. 6 (on grounds of untimeliness)
10/21/14—Nationstar files response to Debtor's objection to Claim No. 6

10/29/14—Hearing on Debtor's objection to Claim No. 6

4. It appears that the transcriber who prepared the hearing transcript incorrectly identified these two cases as *Suarez* and *Reockus*. There are no relevant cases with those names, and it is likely the bankruptcy court was actually referring to *Soares* (*see In re Soares*, 380 B.R. 109, 115 (Bankr.D.Mass.2007)) and *Liakas* (*see Liakas v. Creditors' Comm. of Deja Vu, Inc.*, 780 F.2d 176, 178 (1st Cir.1986)), as discussed herein.

followed up with—I won't call it an amended claim because the bank didn't ... characterize it as an amended claim but it is nonetheless, you know, a proof of claim that asserts the same debt and albeit in a different amount as the claim filed by the debtor, claim number 4. Those two factors together here I think ... work in favor of allowing the—or of considering the claim number 6—the bank's claim number 6 is a fair statement and a timely statement of what the amount of the arrearage it claims to be under the mortgages. And that doesn't prejudice the debtor's ability to challenge the amount of that arrearage, but if the debtor's objection here is simply based on timeliness, then I think that I've got enough in the combination of the objection to the [plan] having been filed before the bar date and the debtor having filed a claim on the bank's behalf after—during the 30–day window that was then followed up by a separate filing by the bank indicating the same debt, i.e., the mortgage—the tax—real estate tax arrearage under the mortgage simply in a different amount. I think all those things together would make it inequitable to disallow the bank's claim number 6 on the basis of timeliness. Again, it doesn't go to the merits of the claim. It's simply as to whether the claim should be deemed timely filed in this proceeding.

So I think for those reasons I'm going to overrule the debtor's objection to claim number 6, deem claim number 6 to be timely filed under the circumstances of this case which is that couple the claim—or the plan objection with the two claims, one filed by the debtor and the second filed by the bank. And so that will be the claim—claim number 6 will be the claim that the debtor needs to deal with in connection with the proceeding and the debtor is free to object

to the merits of claim number 6 in the ordinary course.

That may affect the pending plan which I think only, you know, states the arrearage of $10,000, so—but it may—that may—I don't want to get to the pending plan which is not for today, but I think that on the circumstances that I've got here I've got enough to overrule the debtor's objection based on the timeliness of the bank's filing, claim number 6.

So for those reasons, the debtor's objection is overruled.

Thereafter, the bankruptcy court memorialized its decision by entering an order overruling the Debtor's objection to Claim No. 6 "for the reasons set forth on the record this date."

The Debtor appealed.

### *JURISDICTION*

■ The Panel has jurisdiction to hear appeals from final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). A bankruptcy court's order disposing of an objection to a claim is a final order. *See RNPM, LLC v. Mercado Alvarez (In re Mercado Alvarez)*, 473 B.R. 853, 859 (B.A.P. 1st Cir.2012) (citations omitted). Thus, the Panel has jurisdiction.

### *STANDARD OF REVIEW*

■ Appellate courts apply the clearly erroneous standard to findings of fact and de novo review to conclusions of law. *See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). The question of whether a document constitutes an informal proof of claim is a question of law subject to de novo review. *See, e.g., Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 130 (3d Cir.2005) (reviewing de novo legal question of whether creditor's letter constituted in-

formal proof of claim); *Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.),* 761 F.2d 1374, 1377 (9th Cir.1985) ("The issue [of] whether the documents a creditor filed, considered in conjunction with the creditor's conduct, constitute an amendable informal proof of claim is one of law, which we review de novo.") (citation omitted); *Pac. Resource Credit Union v. Fish (In re Fish),* 456 B.R. 413, 417 (B.A.P. 9th Cir.2011). A bankruptcy court's ruling as to whether to allow an amendment to a proof of claim is reviewed for an abuse of discretion. *See Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997) (citing *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.),* 954 F.2d 1, 10 (1st Cir.1992)).

## DISCUSSION

### I. Overview of Claims in Chapter 13 Cases

The Bankruptcy Code and Bankruptcy Rules govern the requirements for the filing and allowance of proofs of claim in chapter 13 cases. Section 501(a) provides that creditors may file proofs of claim in bankruptcy proceedings. *See* 11 U.S.C. § 501(a). "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c). "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

 As a general rule, a secured creditor in a chapter 13 case is not required to file a proof of claim, but may choose to ignore the bankruptcy proceed-

ings and look to its lien for satisfaction of the debt. *See In re MacKenzie,* 314 B.R. 277, 279 (Bankr.D.N.H.2004) (citing 11 U.S.C. § 506(d)(2) and *In re King,* 165 B.R. 296, 298–99 (Bankr.M.D.Fla.1994)). If, however, the secured creditor wants to receive distributions under the chapter 13 plan, it must have an allowed claim. *See* Fed. R. Bankr. P. 3021 (requiring distributions under plans to be made only to those creditors whose pre-petition claims are "allowed"). Thus, in order to preserve the option of paying a mortgage arrearage through a chapter 13 plan, either the creditor or the debtor needs to timely file a proof of claim. *See In re Petuck,* No. 12–12791–BAH, 2013 WL 2154385, at *5 (Bankr.D.N.H. May 17, 2013) (citation omitted). There is no deadline in the Bankruptcy Rules for the filing of a secured proof of claim. Bankruptcy Rule 3002(a), entitled "Necessity for Filing," provides: "An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed...." With respect to "Time for Filing," Bankruptcy Rule 3002(c) provides that in a chapter 13 case a proof of claim is timely filed if it is filed within 90 days after the first date set for the meeting of creditors, except for four instances, none of which relate to secured claims. Bankruptcy Rule 3002 omits any reference to secured creditors. The authors of the leading treatise on chapter 13 have observed: "The confusing language in Bankruptcy Rule 3002 and the lack of parallelism between Bankruptcy Rule 3002 and §§ 501 and 502 of the Code have led to much litigation over the consequences for the secured claim holder that fails to file a timely proof of claim." Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy,* § 280.1 (4th ed. 2009, updated Oct. 15, 2014).[5]

---

**5.** The Advisory Committee on Bankruptcy Rules (the "Committee") has proposed a ser-

A proof of claim which is filed in accordance with § 501 is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). If such an objection is made, the court shall allow such claim "except to the extent that ... proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). The Bankruptcy Code does not set forth the time limits for filing a claim. Rather, the Bankruptcy Rules set "the time limits, the form, and the procedure for filing claims, which will determine whether claims are timely or tardily filed." *In re Harper,* 138 B.R. at 233 (citation omitted). In chapter 13 cases, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Fed. R. Bankr. P. 3002(c). If a creditor does not timely file a proof of claim, the debtor or trustee may file a proof of claim "within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." Fed. R. Bankr. P. 3004; *see also* 11 U.S.C. § 501(c). It is well settled in the First Circuit that the proof of claim deadline in chapter 13 cases cannot be extended on the grounds of excusable neglect. *See Aboody v. United States (In re Aboody),* 223 B.R. 36 (B.A.P. 1st Cir.1998).

A threshold issue presented in this case is whether the secured creditor, Nationstar, was bound by the proof of claim deadline. The "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" sent to the Debtor's creditors, including Nationstar, provided that the deadline for filing a proof of claim for all creditors except governmental units was July 14, 2015. Given the express and unambiguous deadline set forth in this notice issued by the bankruptcy court, we rule that Nationstar was bound by the proof of claim deadline.

The Debtor objected to Claim No. 6 on the grounds that it was untimely because it was filed after the claims bar date. In response, Nationstar asserted its objection to the Debtor's plan should be treated as an informal proof of claim which was amended by Claim No. 6 or, in the alternative, that Claim No. 6 simply amended Claim No. 4, which was timely filed by the Debtor on its behalf. The bankruptcy court overruled the Debtor's objection, stating that, in light of the various filings in the case which put the Debtor on notice as to the nature and amount of Nationstar's claim, it would be inequitable to disallow Claim No. 6 on the basis of untimeliness.

The Debtor argues that the bankruptcy court erred in overruling his objection to Claim No. 6 because: (1) Nationstar lacked standing to object to the Debtor's plan because it had not filed a proof of claim; and (2) an objection to confirmation cannot constitute an informal proof of claim, and the bankruptcy court failed to apply the proper standard to determine if Nationstar's objection to confirmation was sufficient to establish an informal proof of claim.

ies of amendments to Bankruptcy Rule 3002 to clarify that a secured creditor must file a proof of claim in order to have an allowed claim in a chapter 13 case. The Committee also has proposed reducing the current 90–day claims bar date to 60 days. The proposed rule provides that the bar date for proofs of claim is 60 days after the order for relief or conversion to chapter 13, which can be extended for 60 days. The rule further provides that the failure of a secured creditor to file a proof of claim does not render its lien void. The amendment, if it survives the approval process, would not be effective until December 2015, at the earliest. *See Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure* 108 (Aug. 2014).

## II. Standing to Object to Plan Confirmation

The Debtor contends that, in determining whether Nationstar's objection to confirmation could serve as a timely informal proof of claim, the bankruptcy court "failed to perform the necessary first step of determining that Nationstar had standing to file its objection...." According to the Debtor, in order for a creditor to have standing to object to confirmation of a debtor's plan, it must have an allowed claim, and in a chapter 13 case, a creditor who does not file a proof of claim does not have an allowed claim. The Debtor argues, therefore, that because Nationstar had not filed a formal proof of claim, it lacked standing to object to the Debtor's plan.

■ Pursuant to § 1324(a), "[a] party in interest may object to confirmation of the plan." 11 U.S.C. § 1324(a). The Bankruptcy Code does not define the term "party in interest," but the term is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings. *See Torres Martinez v. Arce (In re Torres Martinez)*, 397 B.R. 158, 164 (B.A.P. 1st Cir.2008).

■ A creditor is usually a party in interest. *See In re Moore*, No. 10–11491, 2012 WL 1192776, at *3 (Bankr.N.D.N.Y. Apr. 10, 2012) (citation omitted). A "creditor" is defined as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" 11 U.S.C. § 101(10)(A). A "claim" is defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A).

■ It is undisputed that Nationstar is a secured creditor. Nonetheless, the Debtor argues Nationstar lacked standing because it did not file a formal proof of claim and, therefore, did not have an allowed claim. The Debtor primarily relies upon *In re MacKenzie*, 314 B.R. 277 (Bankr.D.N.H.2004), in which the bankruptcy court held that a mortgagee who failed to timely file a proof of claim lacked standing to object to a chapter 13 plan that purportedly understated the mortgage arrearage. In *MacKenzie*, the debtor's chapter 13 plan provided that the debtor would make regular monthly mortgage payments directly to the mortgagee, and would cure a pre-petition arrearage of $5,915.00 through the plan. The mortgagee did not object to the plan. After the claims bar date, the mortgagee filed a proof of claim alleging a pre-petition arrearage of $9,005.61. The debtor objected on the basis that it was not timely filed. The bankruptcy court sustained the objection, and ordered the parties to file briefs regarding the effect of the disallowance of the mortgagee's untimely filed claim. The bankruptcy court ultimately determined the mortgagee lacked standing to object to the plan due to its disallowed claim. The court stated:

The Bankruptcy Code does not require any creditor to file a proof of claim. If a secured creditor does not file a proof of claim, it may look to its lien for satisfaction of the debt because the failure to file does not affect the validity of a perfected lien. Unless avoided by the Court, a creditor's lien will pass through bankruptcy unaffected. However, in a chapter 13 proceeding a creditor does not have a right to receive a distribution under a confirmed plan until it holds a claim allowed pursuant to § 502(a). In a chapter 13 proceeding, a secured creditor must file a claim under § 501 before

it can be allowed. In this case, the Mortgagee's claim was untimely filed and was disallowed after an objection by the Debtor. Therefore, the Mortgagee does not have an allowed claim and is not entitled to a distribution under any confirmed plan. Since the Mortgagee in this case does not have any right to a distribution under a confirmed plan, it does not have standing to object to the confirmation of the Chapter 13 Plan based upon the failure of such plan to make a payment on account of its claim.

*Id.* at 279–80 (citations omitted).

Some other courts have also held that a party with a disallowed claim generally does not have the requisite pecuniary interest to be a "party in interest" with standing to object to confirmation. *See, e.g., In re Larson,* 245 B.R. 609, 614 n. 1 (Bankr.D.Minn.2000) (citing *In re Dennis,* 230 B.R. 244, 255 (Bankr.D.N.J.1999); *Green v. Sheppard (In re Sheppard),* 173 B.R. 799, 806 (Bankr.N.D.Ga.1994); *In re Stewart,* 46 B.R. 73, 77 (Bankr.D.Or.1985)). These cases are distinguishable from the present case, however, because at the time Nationstar filed its objection to confirmation, the claims bar date had not yet expired, and Nationstar's claim had not been disallowed. Moreover, the courts in these cases only considered whether a creditor had standing as a party in interest after disallowance of its claim, and not whether a secured creditor's objection to plan confirmation filed prior to the claims bar date constituted an informal proof of claim.

Moreover, other courts have held that a creditor does not lose its standing as a party in interest simply because it failed to timely file a proof of claim. *See, e.g., In re Moore,* 2012 WL 1192776, at *4 (citing *M3 Holdings LLC v. Haslam (In re Haslam),* No. WW–07–1391–JuPaD, 2008 WL 8444816, at *4 (B.A.P. 9th Cir. Mar. 31, 2008)).

Whether an entity has a timely filed claim or not does not change its "creditor" status within the meaning of the Bankruptcy Code. An unfiled or tardily filed claim still carries with it a contingent right to payment that is extinguished only upon the issuance of a discharge. Until and unless that discharge is issued to the debtor, any entity with such a contingent right to payment is entitled to the full universe of protections awarded to a "creditor" under the Bankruptcy Code.

*Id.* (citations omitted); *see also In re Torres Martinez,* 397 B.R. at 164 (holding that creditor had a pecuniary interest in the case that was not affected by the disallowance of his claim because "disallowance of the . . . claim only curtailed his right to payment under a confirmed plan which would have discharged his claim were the plan fully performed.").

Similarly, in the context of § 1324(a), a creditor does not lose its standing as a party in interest simply because it failed to file a timely proof of claim. "The plain language of § 1324(a) shows that Congress employed a broad term for a party in interest, rather than a more limiting term such as 'holder of an allowed claim' or 'holder of a filed proof of claim' or even 'creditor.'" *In re Haslam,* 2008 WL 8444816, at *3 (citing *Jensen v. Froio (In re Jensen),* 369 B.R. 210, 230 (Bankr. E.D.Pa.2007)). "[I]f Congress wanted to limit the term party in interest to the holder of an allowed claim, it knew how to do so, as demonstrated by the more limiting language it used in § 1325(b)(1). That section provides that if a trustee or the holder of an *allowed* unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless certain conditions in the statute are met." *Id.* at *3 n. 8.

At the time Nationstar filed its objection to confirmation, its status as a secured creditor was undisputed. As a creditor, Nationstar fell within the scope of a party in interest as set forth in § 1324(a), regardless of whether it had filed a proof of claim.

### III. Informal Proofs of Claim

The informal proof of claim doctrine is an equitable doctrine that rescues creditors from untimeliness and permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. *See In re Soares*, 380 B.R. at 115 ("Courts ... have recognized the informal proof of claim as an equitable doctrine to ease strict enforcement of the claims bar date.") (citation omitted); *see also In re MarchFIRST, Inc.*, 573 F.3d 414, 418 (7th Cir.2009); *In re Thornlimb*, 37 B.R. 874, 875 (Bankr. D.R.I.1984). The doctrine is intended to "alleviate problems with form over substance" where a creditor has "failed to adhere to the strict formalities of the Bankruptcy Code," but has made filings that "put [ ] all parties on sufficient notice that a claim is asserted by a particular creditor." *PCFS Fin. v. Spragin (In re Nowak)*, 586 F.3d 450, 455 (6th Cir.2009) (citation omitted).

In the usual context, when a creditor has failed to file a formal proof of claim within the time period set by the court, the creditor will invoke the informal proof of claim doctrine by pointing to a document that meets the requirements for an informal proof of claim, and contending that the late-filed formal proof of claim should be deemed an amendment to the informal proof of claim. *See In re Gomes*, 525 B.R. 862 (Bankr.D.Mass.2015). Under this doctrine, courts apply "the so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." *In re Fish*, 456 B.R. at 417 (citations omitted) (internal quotation marks omitted).

Although the First Circuit acknowledges the doctrine of informal proofs of claim,[6] it has never clearly articulated the criteria for determining whether a document may be considered an informal proof of claim. Nor do the courts in this circuit agree on a uniform set of standards for making that determination. Because the reported decisions are not consistent as to the legal standard to be applied, different judges have reached differing conclusions when determining whether something constitutes an informal claim which can be subsequently amended.

In its analysis, the bankruptcy court identified two cases upon which it based its ruling—*Soares* and *Harper*.[7] In *In re*

---

**6.** *See, e.g., La Electronica, Inc. v. Capo–Roman (In re La Electronica)*, 995 F.2d 320, 323 n. 4 (1st Cir.1993) (stating that disallowance of § 503(a) request for payment of administrative expense does not "foreclose its reconsideration as a timely informal proof of unsecured claim."); *Giles World Mktg., Inc. v. Boekamp Mfg., Inc.*, 787 F.2d 746 (1st Cir. 1986) (appeal of order allowing creditor to perfect an informal proof of claim after plan confirmation); *Liakas*, 780 F.2d at 178 (considering whether creditor's conversations with counsel for creditors' committee constituted timely informal proof of claim); *Ragan*

*v. Forbes (In re Ragan)*, 2 F.2d 785, 786 (1st Cir.1924).

**7.** As noted above, the bankruptcy court also referenced a third case, which the transcriber identified as *"Reockus* (phonetic)" but we believe may have been *Liakas*. In *Liakas*, the First Circuit acknowledged the informal proof of claim doctrine but determined it was not applicable because there was no evidence the claimant had presented any written instrument that could be construed as an informal claim, or that the claimant had made a timely, explicit demand against the estate based on the alleged claim. 780 F.2d at 178.

*Soares,* the U.S. Bankruptcy Court for the District of Massachusetts set forth the following standard for determining whether a document should be deemed an informal proof of claim:

> To be an informal proof of claim a document must (1) have been timely filed with the bankruptcy court and become part of the record, (2) state the existence and nature of the debt, (3) state the amount of the claim, and (4) evidence the creditor's intent to hold the debtor liable.

380 B.R. at 115 (citation omitted) (internal quotation marks omitted).

The *Harper* court took a slightly different approach. In *In re Harper,* the U.S. Bankruptcy Court for the Northern District of Indiana conducted a thorough examination of existing case law regarding informal proofs of claim when considering whether a creditor's objection to confirmation should be treated as a timely informal proof of claim to be amended by a formal claim after the claims bar date. The court took judicial notice of the following regarding the creditor's objection to confirmation: (1) it was in writing; (2) it was properly filed with the bankruptcy court; (3) it was filed prior to the claims bar date; (4) it referred to the creditor as a "secured creditor of the debtor[ ]"; and (5) it stated "that the fair market value of the [creditor's] collateral is greater than alleged by the [d]ebtors." 138 B.R. at 248. The *Harper* court was not troubled by the fact that the creditor's objection to confirmation did not contain an explicit demand against the estate or an intent to hold the estate liable, stating: "A creditor can manifest its intention to hold a debtor liable in many ways, and the particular facts of the case will determine whether such a de facto claim has been made." *Id.* (quoting *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462, 465 (7th Cir.1984) (internal quotation marks omitted)). According to the court, "the debtor's knowledge of the claim is a key component of a permissible, equitable amendment," especially where "the debtor's plan anticipated the claim in question." *Id.* at 251. The court concluded, therefore, that it must view the record as a whole, and that the creditor's objection to confirmation, construed together with other documents filed by the debtor which acknowledged the creditor's claim (including the debtor's schedules and plan), were sufficient to establish an informal claim. *Id.* at 248.

■ It is without question that Nationstar's objection to confirmation was a written document filed with the bankruptcy court prior to the claims bar date, and that it became part of the record. In its objection, Nationstar indicated that it was a creditor of the Debtor and was secured by a first position reverse mortgage on the Debtor's property. Thus, it stated the existence and nature of the debt. It also set forth the total amount of Nationstar's secured claim, and that there was a pre-petition arrearage in the amount of $21,690.80. It asserted that, because the Debtor's plan provided for payment of only the $10,000.00 arrearage, it did not provide for adequate treatment of Nationstar's secured claim. In addition, looking at the record as whole, the Debtor acknowledged the existence of Nationstar's claim multiple times—he identified Nationstar on his schedules as a secured creditor holding a reverse mortgage on his property, and his plan identified Nationstar's secured claim and provided for payment of an arrearage which he estimated to be $10,000.00. Furthermore, the Debtor filed a proof of claim on Nationstar's behalf, which clearly acknowledged the existence of Nationstar's claim.

Based on the standards set forth in *Soares* and *Harper,* it appears that the

combination of events—Nationstar's objection to confirmation setting forth an arrearage of $21,690.80 (which put the Debtor on notice of the nature and amount of the claim), the Debtor's filing of Claim No. 4 (which acknowledged the existence of Nationstar's claim and set forth an arrearages of $10,000.00 which it admitted was an "educated guess"), and Nationstar's filing of Claim No. 6 (asserting the same debt and the same arrearage of $21,690.80 as set forth in its objection to confirmation)—were sufficient to establish an informal proof of claim.

The Debtor argues, however, that the bankruptcy court erred because an objection to confirmation cannot constitute an informal proof of claim. In support, the Debtor cites a recent decision in which the U.S. Bankruptcy Court for the District of Massachusetts identified five factors generally considered by courts in this circuit and other jurisdictions when considering whether a document constitutes an informal proof of claim which could be amended by a formal proof of claim. *See In re Gomes, supra.* The *Gomes* court stated:

> In *McCoy,*[8] the court set forth, *as a guideline,* five elements used to characterize a document filed prior to the claims deadline as a valid informal proof of claim which could be amended by a formal proof of claim filed after the claims deadline: (1) the document must be in writing; (2) the document must contain a demand by the creditor on the debtor's estate; (3) the document must express an intent to hold the debtor liable for the debt; (4) the document must be filed with the court; and (5) based on the facts of the case, it would be equitable to allow the amendment. *Id.* at 217. Many other courts, including those in this Circuit, have followed suit, sometimes separating the elements of an

informal proof of claim from the question of whether it may be amended and sometimes conflating the two. But all appear to employ factors similar to those listed in *McCoy. See In re Dow Corning Corp.,* 142 F.3d 433 (6th Cir. 1998); *Gens v. Resolution Trust Corp.,* 112 F.3d 569 (1st Cir.1997); *In re Reliance Equities, Inc.,* 966 F.2d 1338 (10th Cir.1992); *In re Holm,* 931 F.2d 620 (9th Cir.1991); *In re Hall,* 218 B.R. 275 (Bankr.D.R.I.1998); *In re Vaughn Chevrolet,* 160 B.R. 316 (Bankr.E.D.Tenn. 1993); *In re Dietz,* 136 B.R. 459 (Bankr. E.D.Mich.1992); *In re Harper,* 138 B.R. 229 (Bankr.N.D.Ind.1991); *In re Bowers,* 104 B.R. 362 (Bankr.D.Colo.1989); *In re Loffland Bros. Co.,* 102 B.R. 79 (Bankr.N.D.Tex.1988); *In re Thornlimb,* 37 B.R. 874 (Bankr.D.R.I.1984). This Court finds those considerations appropriate and reasonable.

*In re Gomes,* 525 B.R. at 865 (footnote added).

Referencing the *McCoy* guidelines, the creditor in *Gomes* contended its objection to the debtors' chapter 13 plan should be deemed a timely filed informal proof of claim which could later be amended because it: (1) was filed before the expiration of the claims deadline; (2) identified the nature of the debt and its secured interest; (3) set forth the amount owed, including the portion representing the pre-petition arrearage; and (4) made demand for payment and demonstrated the creditor's intent to hold the debtors liable for the debt. The bankruptcy court agreed with the creditor's characterization of the plan objection, but pointed out there was a fifth factor to be considered—whether, based on the facts of the case, it would be equitable to allow the amendment. *See id.* Noting that it had overruled the creditor's

---

8. *In re McCoy Mgmt. Servs., Inc.,* 44 B.R. 215 (Bankr.W.D.Ky.1984).

plan objection, the bankruptcy court determined that it would not be equitable for the objection to constitute an informal proof of claim because it lacked merit. "[T]o now use the meritless Plan Objection as the foundation for a late-filed proof of claim on the grounds of equity would turn any real notion of equity on its head." *Id.*

The Debtor cites *Gomes* for the proposition that an objection to confirmation can never qualify as an informal claim. The Debtor, however, mischaracterizes the *Gomes* holding. The *Gomes* court did not rule that an objection to confirmation can *never* be considered an informal claim; rather, it held that it was not equitable to do so under the facts of that particular case. Moreover, other courts have treated objections to confirmation as informal proofs of claim where the necessary elements were present. *See, e.g., Hardgrave v. La Rock (In re Hardgrave)*, No. 94–4832, 1995 WL 371462 (4th Cir. Jun. 21, 1995); *Maynard Sav. Bank v. Michels (In re Michels)*, 286 B.R. 684 (B.A.P. 8th Cir. 2002); *In re Gonzalez*, 295 B.R. 584, 589 (Bankr.N.D.Ill.2003); *In re Joiner*, 93 B.R. 130 (Bankr.N.D.Ohio 1988).

 The Debtor also argues the bankruptcy court erred in failing to determine that Nationstar's objection to confirmation satisfied each of the five elements set forth in *McCoy*, as articulated by the *Gomes* court. Although *Gomes* and *McCoy* are useful authorities, they do not constitute binding precedent in the U.S. Bankruptcy Court for the District of New Hampshire and, therefore, the bankruptcy court was not required to subscribe to the specific standards applied therein.[9] Moreover, many courts have made clear that the test is not to be applied "formalistically." *See Diversified Pac. Opportunity Fund I, LLC v. Cisneros (In re Riley)*, No. EDCV 12–

01288 DMG, 2013 WL 4854485, at *3 (C.D.Cal. May 7, 2013). "The primary theme in all these cases is notice" and "[t]he salient issue is whether or not a creditor is seeking to introduce a new claim in disguise." *Id.* (citation omitted) (internal quotation marks omitted). As the U.S. Bankruptcy Court for the District of Rhode Island stated in *In re Thornlimb, supra*: "The single exception to what most courts ... view as an absolute statute of limitations [for filing proofs of claim], is where some informal proof of claim manifests on the '*judicial record*' the existence, nature, and amount of the claim, which may thereafter be 'amended' by a formal proof of claim." 37 B.R. at 875 (citation omitted). On this subject, the First Circuit has held:

> [I]n order to "fairly alert" the debtor estate, a POC [proof of claim] need only "provide[ ] adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable." *Unioil, Inc. v. H.E. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 992 (10th Cir.1992).

*Gens v. Resolution Trust Corp.*, 112 F.3d at 575.

At the hearing, the Debtor's primary argument regarding the informal proof of claim issue was that Nationstar's objection to confirmation was "inadequate as a proof of claim" and "deprive[d] the [D]ebtor of his due process rights" because it did not adequately explain how the amounts were determined. In rejecting the Debtor's argument, the bankruptcy court noted that a proof of claim gives the creditor the benefit of the claim being allowed unless objected to, but that the creditor will still have to defend the amount of the claim if the debtor objects. Thus, a creditor's plan

---

9. In fact, although *McCoy* was issued in 1984, the *Gomes* decision was not issued until January 15, 2015, several months after the bankruptcy court's ruling in this case.

objection puts the amount of the claim into the public record for the debtor to either accept or dispute—it puts the debtor on notice as to the amounts being asserted. The bankruptcy court determined, therefore, that Nationstar's plan objection adequately notified Debtor of the existence, nature and amount of Nationstar's claim and arrearage. Moreover, as the bankruptcy court pointed out, its ruling was not as to the merits of Claim No. 6—the bankruptcy court did not allow Claim No. 6, and specifically stated the Debtor was free to object to the merits of Claim No. 6 in the ordinary course. Rather, the bankruptcy court simply ruled that it would not disallow Claim No. 6 on the grounds of untimeliness.

Based on the foregoing, we conclude that the bankruptcy court did not err in applying the informal proof of claim doctrine or in determining that Nationstar's plan objection constituted a valid informal proof of claim.

## IV. Amendments to Proofs of Claim

We also conclude that the bankruptcy court did not abuse its discretion in determining that Claim No. 6 also constituted an amendment to Claim No. 4.

### A. Section 501(c) and Bankruptcy Rule 3004

Section 501(c) provides: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c).

Bankruptcy Rule 3004 governs the time in which a debtor or trustee may file a proof of claim on a creditor's behalf. It provides, in relevant part, as follows:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expi-

ration of the time for filing claims prescribed · by Rule 3002(c) or 3003(c), whichever is applicable.

Fed. R. Bankr. P. 3004.

The 2005 Advisory Committee Notes to Bankruptcy Rule 3004 explain:

> The rule is amended to conform to § 501(c) of the Code. Under that provision, the debtor or trustee may file proof of a claim if the creditor fails to do so in a timely fashion. The rule previously authorized the debtor and the trustee to file a claim as early as the day after the first date set for the meeting of creditors under § 341(a). Under the amended rule, the debtor and trustee must wait until the creditor's opportunity to file a claim has expired. Providing the debtor and the trustee with the opportunity to file a claim ensures that the claim will participate in any distribution in the case. This is particularly important for claims that are nondischargeable.

> Since the debtor and trustee cannot file a proof of claim until after the creditor's time to file has expired, *the rule no longer permits the creditor to file a proof of claim that will supersede the claim filed by the debtor or trustee. The rule leaves to the courts the issue of whether to permit subsequent amendment of such proof of claim.*

Fed. R. Bankr. P. 3004 (2005 Advisory Committee Notes) (emphasis added).

### B. Amendments to proofs of claim filed by debtor on creditor's behalf

Many courts have held that they have discretion to allow creditors to amend a proof of claim filed by the debtor on the creditor's behalf if it is equitable to do so. The leading case addressing this issue is *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171 (5th Cir.1991). In *Kolstad,*

the IRS failed to file a timely proof of claim, the debtor filed a proof of claim on behalf of the IRS, and after the original time set for filing proofs of claim, the IRS attempted to amend the debtor's proof of claim. *Id.* The *Kolstad* court held that the IRS' late claim was in the nature of an amendment to the debtor's proof of claim and the bankruptcy court had discretion to permit the IRS' amendment. *Id.* The *Kolstad* court stated:

> The fact that § 501(c) and Rule 3004 may be invoked to force [the creditor] to participate ... does not mean that [the debtor] also gains unilateral control of the amount of [the creditor's] claim. If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant's claim, the debtor would also control that creditor's share of the distribution from his estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor. This perverse incentive is, however, not inherent in Rule 3004.

*Id.* at 174.

The *Kolstad* court did not view the IRS' proof of claim as a new claim, but simply an amendment to a filed claim to assert a higher amount. *Id.* at 175. It noted the difference between a "superseding" claim and an "amending" claim in the bankruptcy context, "a 'superseding' claim by its nature may include a broader spectrum of demands against the debtor than an 'amendment,' which, as noted, must adjust or correct the terms of the claim originally filed." *Id.*; *see also In re Bishop,* 122 B.R. 96 (Bankr.E.D.Mo.1990); 9 *Collier on Bankruptcy,* ¶ 3004.06, at 3004–5 (15th ed. Rev. 2004).

 The court's distinction helps explain the 2005 Advisory Committee Note to Bankruptcy Rule 3004 which provides:

"... the rule no longer permits the creditor to file a proof of claim that will supersede the claim filed by the debtor or trustee. The rule leaves to the courts the issue of whether to permit subsequent amendment of such proof of claim." Fed. R. Bankr. P. 3004 (2005 advisory committee notes). Thus, while the claims bar date bars a creditor from filing a *superseding* claim (one that "by its nature may include a broader spectrum of demands against the debtors"), it does not prevent the creditor from amending the existing claim that the debtor timely filed on its behalf following the usual criteria for amending proofs of claim. *See Green Tree Servicing, LLC v. Wilson (In re Wilson),* 532 B.R. 486 (S.D.N.Y.2015) (citing *Kolstad,* 928 F.2d at 175); *In re Sacko,* 394 B.R. 90, 96 (Bankr.E.D.Pa.2008) (permitting creditor to amend claim filed by debtor on its behalf where creditor acts promptly and where debtor is not prejudiced).

 It is well established in the First Circuit that amendments to proofs of claim are freely allowed. *In re Alonso,* 525 B.R. 195, 204 (Bankr.D.P.R.2015). "Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." *In re Hemingway Transp.,* 954 F.2d at 10 (citation omitted). The decision to grant or deny an amendment to a timely filed proof of claim rests with the sound discretion of the bankruptcy court. *In re Ruiz Martinez,* 513 B.R. 779, 785 (Bankr.D.P.R.2014) (citations omitted).

 The Bankruptcy Code does not specifically address the issue of amending a timely filed proof of claim. The *Jimenez Galindez* court recently discussed the re-

quirements that must be satisfied for an amended claim to be allowed, stating as follows:

["]Upon the filing of an objection, the allowance of an amended proof of claim is an equitable determination often approached using a two-part test: (1) was a timely similar claim asserted against the bankruptcy estate by a prior formal proof of claim or informal proof of claim; and (2) is it equitable to permit the amendment." Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy, 4th Edition*, § 284.1, at ¶ [3], Sec. Rev. May 5, 2010, www.Ch13online.com. Thus, the first step is to determine whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the bankruptcy estate liable. If the first prong is satisfied, then the court must determine whether it was equitable to allow the amendment. "The equitable determination to allow or disallow an amendment to a proof of claim timely filed is entrusted to the sound discretion of the bankruptcy court." *In re Hemingway Transp.*, 954 F.2d at 10. "The court must scrutinize both the substance of the proposed amendment and the original proof of claim to ensure that the amendment meets three criteria." *Id.* Amendments to proof of claims are reviewed under the following three (3) criteria: (i) "the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim;" (ii) "the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate;" and (iii) "the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." *Id.*; *see also*[ ] *In re Crane Rental Co.*, 341 B.R. [118] at 120–121 [ (Bankr.D.Mass.2006) ].

514 B.R. 79, 88 (Bankr.D.Puerto Rico). "[A]s a general rule, amendments intended merely to *increase* the amount of a claim grounded in the same *right to payment* are not considered 'new' [or superseding] claims under the Code." *In re Hemingway Transp.*, 954 F.2d at 10 (citations omitted).

■■■ Although amendments to proofs of claim are liberally allowed, however, courts generally do not allow creditors to amend a debtor-filed proof of claim "when allowing the amendment would be inequitable." *In re Green*, No. 8:12–bk–09222–CED, 2015 WL 2374749, *2 (Bankr.M.D.Fla. May 8, 2015) (citing *In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 756 (Bankr.M.D.Fla.1999); *Norris Grain Co. v. United States (In re Norris Grain Co.)*, 81 B.R. 103 (Bankr.M.D.Fla.1987); *see also In re Egan*, 526 B.R. 111 (Bankr. S.D.N.Y.2015) (declining to allow creditor to amend claim filed by debtor on its behalf because allowance would greatly prejudice debtors and jeopardize their reorganization).

■■■ In this case, the bankruptcy court had discretion to allow Nationstar's late-filed proof of claim as an amendment to the Debtor's proof of claim filed on behalf of Nationstar, as long as the amendment was not deemed a new or superseding claim, and if allowing the amendment would not be inequitable. The Debtor filed Claim No. 4 on behalf of Nationstar asserting a secured claim in the amount of $93,000.00, with a pre-petition arrearage of $10,000.00, based on a note and reverse mortgage on his property. Six weeks later, Nationstar filed Claim No. 6 asserting a secured claim in the amount of $158,490.18, with a pre-petition arrearage of $21,690.80, based on a note and reverse mortgage on his property. Although Claim No. 6 increased the amount of the claim, it was grounded in the same right to payment and, therefore, was not a new or

superseding claim. *See In re Hemingway Transp.*, 954 F.2d at 10. Thus, there was no abuse of discretion in determining that Claim No. 6 was a proper amendment to Claim No. 4.

### CONCLUSION

Under the circumstances of this case, we conclude that the bankruptcy court did not err in overruling the Debtor's objection to Claim No. 6 on the grounds of untimeliness as Nationstar's objection to the Debtor's plan constituted a timely informal proof of claim, and as Claim No. 6 constituted a valid amendment to Claim No. 4 timely filed by the Debtor on Nationstar's behalf. Therefore, we **AFFIRM** the decision of the bankruptcy court. Although we affirm the bankruptcy court's holding, we pause to point out that when a secured creditor fails to timely file a proof of claim, it runs the risk of creating the exact procedural quagmire described above. Nationstar could have avoided this quagmire simply by filing a proof of claim before the claims bar date.